CHARLES E. MITCHELL AND ANOTHER vs. JOHN P. STANLEY AND ANOTHER.

Where land is sold with a covenant against incumbrances, and an incumbrance exists of a permanent character, which impairs the value of the premises, and can not be removed as a matter of right by the purchaser, the damages will be measured by the diminished value of the premises.

The defendants conveyed to the plaintiffs, with a covenant against incumbrances, a tract of land on which there was the following incumbrance: a company owning a canal on which the land abutted, had, by a deed of a former owner, the right to pass and repass upon the land along the canal within two rods of the canal bank, for the purpose of cleaning and repairing the canal, upon paying the owner reasonable damage. In an action for a breach of the covenant, it was found that the actual damage from the exercise of the right to the time of suit was $10, but that the land was worth $750 less by reason of the incumbrance. Held that the plaintiffs were entitled to recover $750.

COVENANT, for breach of a covenant against incumbrances, brought to the Superior Court in Hartford County. The following facts were found by a committee:—

On the 4th day of October, 1872, the plaintiffs purchased of the defendants an undivided two-thirds part of a tract of land in the borough of New Britain and paid them the sum of $5,000 in cash, the defendants executing and delivering to the plaintiffs a warranty deed of the two-thirds, clear of incumbrance, and with the usual covenants of warranty and seizin. The plaintiffs, upon delivery of the deed, went into possession, having about the same time acquired title to the remaining one-third part of the tract.

At the time of the sale the defendants were the owners of the two-thirds of the tract, but it was incumbered as hereinafter related. This fact was not disclosed to the plaintiffs, and they then and for a long time afterwards were entirely ignorant of any incumbrance upon the land.

On the 9th of July, 1835, William B. North was the owner in fee, and was then in possession, of the whole of this tract of land, and also of another lying east of and adjoining it, separated from it only by a canal used in conveying water to certain manufactories in New Britain; and on that day for valuable consideration he conveyed by his warranty deed, clear of incumbrances, the tract lying on the east side of the

canal to Seth J. North, John Stanley, and Henry Stanley, who then were the owners of the canal, and did also in the same deed convey to them an interest in the tract now owned by the plaintiffs in the following words:—"Also the right to pass and repass on the land of said William B. North, within two rods of the west bank of the abovementioned canal, for the purpose of repairing and cleaning said canal, upon paying to the said William B. North all reasonable damages."

All the title of the defendants to the two-thirds part of the tract sold by them to the plaintiffs was derived from William B. North.

At the time the plaintiffs brought this suit the incumbrance still existed upon the whole of the tract, though the right had been exercised but a few times between the time of the delivery of the deed to them and the date of their writ. The damage from such exercise of the right to the plaintiffs is $10.

The price paid by the plaintiffs for the two-thirds part was at its full value at the time of the purchase and delivery of the deed to them, if unincumbered; and the two-thirds part at that time was in fact worth $750 less than it would have been worth if it had been free from the incumbrance.

The report of the committee having been accepted, the plaintiffs requested the court (*Sanford, J.*,) to render judgment in their favor for $750 with interest, and claimed that they were entitled to that sum as damages upon the facts found. But the court overruled this claim of the plaintiffs and rendered judgment in their favor for $10 and interest as damages. The plaintiffs thereupon moved for a new trial for error in this ruling of the court.

*C. E. Perkins* and *C. E. Mitchell*, in support of the motion.

The sole question in this case is, what is the rule of damages in an action upon the covenant against incumbrances, where the easement, the existence of which constitutes the breach, extends to the whole land, is not extinguishable of right, is permanent in its nature, and is in the actual exercise of the owner of the dominant estate?

It is clear from the mere statement of the question that the

rule of damages applicable to mortgages and other incumbrances *extinguishable of right*, and the rule of damages applicable to leases and rights of dower and other incumbrances which, though not extinguishable of right, are *presently about to expire by their own limitation*, is neither of them adapted to the case under consideration, and equally clear, upon general principles, that where the easement is permanent and not extinguishable of right and is in actual use by the dominant owner, the actual injury sustained by the actual impairment in value of the premises for which full value was paid, is the just and reasonable rule of damages. The covenant is against the *existence* of incumbrances and not against the *exercise* of incumbrances. The rule of damages should on general principles be appropriate to the terms of the contract and the nature of the breach.

The correct rule is laid down by Washburn in his work on Real Property as follows: "If the incumbrance be of a permanent character, such as a right of way, or other easement which impairs the value of the premises, and cannot be removed by the purchaser as a matter of right, the damages will be measured by the diminished value of the premises thereby occasioned, to be determined by a jury." 3 Washb. R. Prop., book 3, ch. 5, § 5, art. 39. To the same effect are *Wetherbee* v. *Bennett*, 2 Allen, 428; *Woodbury* v. *Luddy*, 14 id., 6; *Harlow* v. *Thomas*, 15 Pick., 69; *Norton* v. *Hubbard*, 10 Conn., 435; Sedgwick on Dam., 199; Rawle on Covenants for Title, 291.

Upon an examination of the authorities it seems that the following classification of incumbrances with reference to the rule of damages, is substantially correct. 1. Incumbrances extinguishable of right, (such as mortgages,) where the breach is technical, and the damage nominal, unless both become substantial by the discharge of the incumbrance before the trial by the covenantee in the exercise of his right. 2. Incumbrances not extinguishable of right, (such as passways or rights of dower,) where both breach and damage are substantial or otherwise, irrespective of the question whether or not the covenantee has been so fortunate as to extinguish

Mitchell *v.* Stanley.

the same. Which last class is further divisible into two sub-classes as follows: (*a.*) Easements not extinguishable of right, *but presently about to terminate by their own limitations,* where the rule seeks to obtain the "annual value of the ease-ment," or "the fair rental value of the land to the expiration of the term," but where the market value of the land is usu-ally regarded as too remote and general for such cases. Rawle on Covenants for Title, 293; *Porter* v. *Bradley,* 7 R. Isl., 542; *Batchelder* v. *Sturgis,* 3 Cush., 205; *Christy* v. *Ogle,* 33 Ill., 295; *Mills* v. *Catlin,* 22 Verm., 106. (*b.*) Incumbrances not extinguishable as matter of right, and *permanent in their nature,* where the rule is the difference in value between the estate if unincumbered, and the same estate with the burden upon it. (See cases and authorities cited above.) Much more should this rule apply where, as here, it is expressly found that the plaintiffs paid the full unincum-bered value of the land.

The same result seems to flow from the nature of an ease-ment, which is defined to be "every right to or interest in the land which may subsist in third persons, *to the diminution of the value of the land,* but consistent with the passing of the fee by the conveyance." 2 Greenl. Ev., § 242; *Mitchell* v. *Warner,* 5 Conn., 508.

*L. E. Stanton* and *J. H. Pease,* contra.

1. A covenant against incumbrances is a covenant of indemnity only. The covenantee can recover only nominal damages for the breach of such covenant, unless he can show some actual damage. 3 Washb. R. Prop., book 3, ch. 5, § 5, art. 39; *Gilbert* v. *Bulkley,* 5 Conn., 262; *Hubbard* v. *Norton,* 10 id., 422; 1 Swift Dig., 674; *Andrews* v. *Davison,* 17 N. Hamp., 413; Sedgw. on Dam., 152. If therefore the cove-nantee has paid anything for the removal of the incumbrance, he can recover the amount fairly paid to accomplish such removal, and if nothing has been paid, only nominal damages. *Prescott* v. *Trueman,* 4 Mass., 627; *Chapel* v. *Bull,* 17 id., 213; *Harlow* v. *Thomas,* 15 Pick., 66; *Richardson* v. *Dorr,* 6 Verm., 21; *Pillsbury* v. *Mitchell,* 5 Wis., 17; Sedgw. on

Dam., 178.   Upon a careful examination of all the cases on this subject, it will be observed that the courts aim to reimburse the covenantee for the actual damage he has suffered, but no more, so that in the case at bar it is the duty of the court to determine the actual damage suffered by the plaintiffs and reimburse them therefor; but in so doing the court must be equally careful not to give more than the actual damage by them suffered.   Sedgw. on Dam., 38, 152; *Greene* v. *Tallman,* 20 N. York, 191.

2.   No facts are found to warrant a judgment for more than $10.   The damage resulting to the covenantees from the exercise of this easement between the time of purchase and the date of the writ, is found to be ten dollars, and the record finds no other actual damage.   It does not appear that the land had been purchased for any specific purpose, or that that purpose had been defeated and thereby loss occasioned to the plaintiffs.   It is only found that the land at the time of purchase was in fact worth $750 less than it would have been had it been unincumbered.   In *Prescott* v. *Trueman,* and *Harlow* v. *Thomas,* cited above, and in *Batchelder* v. *Sturgis,* 3 Cush., 205, we find that if the incumbrance is of a permanent nature, such as the covenantee cannot remove,·he could "recover a just compensation for the real injury resulting from its continuance."   But no facts appear upon this record upon which to base a claim of damage for the continuance of the incumbrance.   There is nothing in the record to show that the covenantees have suffered any damage by its continuance except $10.   " Compensation for the real injury resulting from the continuance of the easement," is not " the difference between the value of the land at the time of purchase, with and without the incumbrance," for years may have elapsed, there may have been a great diminution in the value of the land, or the cause for which the easement was created may have passed away and rendered the same useless and of no value.   *Greene* v. *Creighton,* 7 R. Isl., 1; *Porter* v. *Bradley,* id., 538; *Copeland* v. *Copeland,* 30 Maine, 446.   Upon referring to the record we find at the close of the descriptive portion of the deed in which the easement is created, these

words, "upon paying to said William B. North all reasonable damages," which of itself shows such a limitation upon the right of way as to make it of little value. The case cited by the plaintiffs of *Wetherbee* v. *Bennett*, 2 Allen, 428, differs in the facts from the present case. There the $500 was found by the jury to be actual damage.

GRANGER, J. This case comes here on a motion for a new trial by the plaintiffs, and the only question raised by the motion is—whether the plaintiffs were entitled to recover the sum of $750, instead of $10 and interest.

We think the plaintiffs are entitled to recover the larger sum. The case finds that they paid full value for the land, and that by reason of the incumbrance the land was worth $750 less than it would have been without it. They therefore have sustained a loss of $750, and the defendants are bound by their covenant to make good this loss, it being the actual damage the plaintiffs have sustained by reason of the breach of the covenant. It is laid down as law in many of the cases cited in the defendants' brief, that the plaintiff in cases of this sort is entitled to recover actual damage, and the defendants insist that the $10 is the only actual damage that the plaintiffs have sustained. It is true that this is the only direct damage they have received from the exercise of the right of way. But is this the only actual damage? We think not. The incumbrance is permanent and perpetual and the estate of the plaintiffs forever burdened with this servitude, which they have no power, as a matter of right, to remove, and which diminishes the value of their land to the amount of $750. The true rule of damage we think is well stated in 3 Washburn on Real Property, (Vol. 2, 2d ed., 730,) as follows:—"If the incumbrance be of a permanent character, such as a right of way, or other easement which impairs the value of the premises, and cannot be removed by the purchaser as a matter of right, the damages will be measured by the diminished value of the premises thereby occasioned." This rule is sustained by cases cited in the plaintiffs' brief. *Wetherbee* v. *Bennett*, 2 Allen, 428; *Woodbury* v. *Luddy*, 14

---

---

Allen, 6; *Harlow* v. *Thomas*, 15 Pick., 69; Rawle on Cove.
nants, 291; Sedgwick on Damages, 6th edition, 199; *Norton*
v. *Hubbard*, 10 Conn., 435.   We think that the above rule is
clearly applicable to this case, and is decisive of it.   There
can be no doubt that $750 is the actual damage sustained by
the plaintiffs, as much so as if there had been a breach of the
covenant of seizin, and the quantity of land described in the
deed had fallen short to the amount of $750.   No one would
question but that the defendants would be bound in that case
to pay that amount.   Again, if the incumbrance had been a
mortgage and the plaintiffs had been obliged to pay $750 to
remove it, there can be no doubt that this sum would be the
measure of damage.   We can see no difference in the result
to a plaintiff, whether this loss is occasioned by failure of title
to a portion of the land, or by his having to pay more money
to remove a mortgage, or by his property being rendered less
valuable by reason of the encumbrance.

For these reasons we think a new trial should be granted.

In this opinion the other judges concurred.