[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This is an action against the defendants seeking damages for breach of a covenant warranting against encumbrances in a mortgage deed. The plaintiff alleges that the defendants failed to disclose a life estate granted to the co-defendant, Mathew R. Pizza, in the demised premises.
The mortgage deed was executed by the defendants and others on December 14, 1982. At the time, the defendants promised to pay to the plaintiff the sum of $36,000.00 and in connection with the loan, executed and delivered to the plaintiff a CT Page 1300 mortgage deed on real property located in Stratford, Connecticut.
Upon default, the plaintiff, in a foreclosure action known as D.N. CV 83 0213698S, First Connecticut Small Business Investment Company v. Mathew Piazza, John Shillea, Adeline P. Shillea and Richard D. Zeisler, Trustee, foreclosed on the mortgage deed, gone to judgment, secured title and caused a Certificate of Foreclosure to be recorded on the land records.
The defendants, Shillea, have moved for summary judgment on the claim that since the plaintiff had foreclosed on the mortgage deed, gone to judgment and filed a certificate of foreclosure, it was limited to seeking a deficiency judgment within 30 days of foreclosure, which it failed to do, and is precluded from seeking damages by General Statutes Sec. 49-1.
The plaintiff has objected to the motion, contending that General Statute, Sec. 49-1 precludes post-foreclosure action for damages only on the note, debt or obligation. In the case, the plaintiff claims damages for a breach of the covenant warranting against encumbrances since the title it took was encumbered by the existing life estate, and is not seeking to enforce the note, debt or obligation.
General Statutes Section 49-1 provides that:
 The foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against he person or persons who are liable for the payment thereof who are made parties to the foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of the foreclosure.
General Statutes Section 49-14 permits a motion for deficiency judgment to be filed within thirty days after the law day as a make-whole remedy if the mortgage fails to secure full value of the debt after foreclosure.
Except for the deficiency judgment remedy in Sec. 49-14, General Statutes Sec. 49-1 specifically precludes further action on the "debt, note, or obligation." The statute is silent, however, on the issues of damages caused by a breach of the covenant against encumbrances in the mortgage deed.
While there are many cases holding that foreclosure precludes subsequent actions, the language in those cases seems to refer specifically to actions on debts, notes or obligations. CT Page 1301 Referring to the statute, the Supreme Court, in Merchant's Bank Trust Co. v. Pettison, 112 Conn. 652, 654, 153 A.2d 789 (1931) stated:
 At common law the mortgagee's remedy by the foreclosure and appropriation of the mortgaged property was a bar to further action, but his rights in this State have been greatly enlarged by legislation. In 1887 the original of the statute now in question was enacted whereby the mortgaged property could be valued, and if worth less that the amount of the debt, judgment for the deficiency only, rendered against the debtor.
In Simsbury Bank Trust Co. v. Ray Carlson Lumber Co.,154 Conn. 216, 219-20, 224 A.2d 544 (1966), the court observed that Section 49-1 "prohibit[s] any further action on the mortgage obligation against a person liable thereon except those upon whom in personam service could not have been made at the commencement of the foreclosure action. In New Haven Savings Bank v. General Finance Mortgage Co., 174 Conn. 268, 271,386 A.2d 230 (1978), the court held that absent any evidence that "the value of the property appropriated was insufficient to satisfy the mortgage debt . . . the plaintiff's right to further sums in payment of its debt was extinguished."
In First Bank v. Simpson, 199 Conn. 386, 370, 507 A.2d 997
(1986), the court noted that "[u]nder General Statutes Sec.49-1, a judgment of strict foreclosure extinguishes all rights of the foreclosure mortgage on the underlying note, except those enforceable through the use of deficiency judgment . . ."
It is clear that any action damages on the debt or note is barred by the foreclosure. However, there is nothing in the language of the statute nor in the cases to indicate a bar for damages for breach of the covenant against encumbrances in the deed itself unless the term "obligation" in the statute could be considered so broad as to preclude any action for damages even if not on the note or debt.
Black's Law Dictionary, p. 968 (5th ed. 1979) defines obligation as: "obligation — A generic word, derived from the Latin substantive `obligatio', having many, wide and varied meanings according to the context in which it is used . . . a word of broad meaning, and the particular meaning intended is to be gained by consideration of its context." (Emphasis supplied).
The context of the language in Section 49-1 clearly indicates that "obligation" refers to that which the mortgagor expressly agreed to do by giving a note — namely, to pay off CT Page 1302 the debt in accordance with the terms of the note. "Obligation" in that context would not apply to deed covenants which pertain to the quality of title and not in the debt.
This court concludes that General Statutes Secs. 49-1 and49-14 do not bar this independent action for damages for breach of the covenant against encumbrances in the deed.
On the issue of res judicata, it would not appear that this action is precluded because this claim was not, and ought not to have been, raised in the foreclosure action. A claim for money damages "is generally inappropriate [in foreclosure] inasmuch as foreclosure sounds in equity and the only legal remedy is for deficiency." D. Caron, Connecticut Foreclosures, Sec 4.10 at 73. Moreover, the express language of the statutes indicates that action under the statutes simply provides a mechanism to obtain value against title to satisfy the mortgage debt. First Bank, supra, 370-71. The statutes permit actions based on the debt and affect title to the property, an action for damages based on breach of the covenant may not be brought in foreclosure.
In any action for breach of a covenant against encumbrances there is an inherent issue of fact. "The true rule of damage we think [is that] if the encumbrance be of a permanent character . . . and cannot be removed by the purchaser as a matter of right, the damages will be measured by the diminished value of the premises thereby occasioned." Mitchell v. Stanley, 44 Conn. 312,317, (1877). See also, Aczas v. Stuart Heights, Inc.,154 Conn. 54, 60-61, 221 A.2d 589 (1966).
The defendants' motion for summary judgment is denied.
NIGRO, J.