Parker C. J.
said, in substance, that the Court considered this case settled by the one in 14 Mass. R. 143. The only distinction suggested is, that there it did not appear that the appraiser who omitted to sign did not agree with the other two. But the Court determined, on the ground that it appeared that all were present and acted in the appraisement, that the return was valid. The reason of the case is in favor <7 of this appraisement’s being good. It would be impossible otherwise, from the nature of the appointment of appraisers, to execute the statute. One appraiser is to be selected by the creditor and one by the debtor. They would naturally select such as would support their respective interests. Then the officer is to appoint a third as a sort of umpire. The statute thus seems to contemplate a disagreement between the two first appraisers, and if a certificate of a majority, where they all act, should not be sufficient, there might be a constant obstruction of justice.[1]

Tenants defaulted.

 Where an authority is confided to several persons for a private purpose, all of them must join in the acts done under it. Green v. Miller, 6 Johns. R. 39. But in matters of public concern, or of a general nature and not of mere private confidence, the voice of the majority shall govern. Grindley v. Barker, 1 Bos. & Pul. 236 ; Green v. Miller, ubi supra ; Jones v. Andover, 9 Pick. 151. In Witnell v. Gratham, 6 T. R. 398, Lawrence J. says, “ In general it would be the understanding of a plain man, that where a body of persons is to do an act, a majority of that body would bind the rest.” See also Orvis v. Thompson, 1 Johns. R. 500 ; Rex v. Courtenay, 9 East, 246 ; Blacker v. Blizard, 9 Barn. & Cressw. 851 ; King v. Greet, 8 Barn. & Cressw. 363 ; Short v. Pratt, 6 Mass. R. 496 ; Damon v. Granby, post, 345, and cases citc.i there But see United States v. Slade, 2 Mason, 71, contra.