On 15 March, 1906, the Board of Trustees of Charlotte Township notified S. Wittkowsky that they had condemned a strip of his land to widen the public highway. On 23 March, 1906, he applied to the Clerk of Court to appoint a jury of five men to assess his damages. On 24 March, 1906, the Clerk appointed the jury, who were summoned by the Sheriff, and assessed the damages at $2,000. The application to the Clerk, the appointment of the jury, their summons by the Sheriff, their meeting and assessment, were all without notice either to the Board of Township Trustees or to the County Commissioners, whose first knowledge of the proceeding to assess damages was a notice from the Clerk, on 17 April, that the counsel for Wittkowsky had moved for judgment for $2,000 damages assessed by the jury. The Board of Township Trustees moved to dismiss the proceeding because prematurely brought. This motion was allowed, and Wittkowsky appealed. The Judge remanded the proceedings to the Clerk, with directions to issue notice to Township Trustees and County Commissioners of the application for appointment of a jury, which shall be composed of new men, none of whom have already acted in this case; that said jury when appointed shall procure from the Township Trustees a map of the land condemned *Page 206 
and shall appoint a time and place for assessment of damages, giving due notice of time and place to the Township Trustees and County Commissioners as well as to the petitioner, and after hearing all the parties and the evidence offered, make report of their assessment (249) of damages to the Clerk. Wittkowsky appealed.
This was a proceeding under Laws 1901, ch. 50, sec. 5, as amended by Laws 1905, ch. 770, sec. 1 (2). The notice to Wittkowsky that the strip of his land had been taken for public purposes was not the beginning of legal proceedings. The "taking" was under the right of eminent domain and was not contested. The above-quoted section provided that any person aggrieved "may within six months after said change of road, or new road has been opened and completed, apply to the Clerk of the Superior Court, who shall appoint a jury to consist of five freeholders to assess the damages." This was the beginning of these proceedings, whose object was solely to assess damages.
It is true that the statute does not in terms require that notice of the proceeding should be given to the Township Trustees and County Commissioners, but that is required under the "law of the land" — that general law "which proceeds upon inquiry and renders judgment only after trial." In Gamble v. McCrady, 75 N.C. 509, it was held that an assessment of damages was void for want of notice, though no notice was required by the statute under which those proceedings were had. That a notice must be given, as of right, is recognized. S. v. Jones, 139 N.C. 618.
The Clerk, on motion, dismissed the proceeding as premature — doubtless on the ground that the statute provides that the land-owner must institute this proceeding "within six months after said change of road or new road has been opened and completed." But this, we think, means simply that the proceeding to assess damages shall be begun "within," i. e., "not later than" six months after the road has (250) been changed or the new road has been opened and completed. It was error, therefore, to dismiss the proceeding.
We think his Honor took the correct view in remanding the proceeding to the Clerk with directions to give notice to the Township Trustees and County Commissioners, that they may be represented when the jury of five men are selected and that said jury must give notice and hear all parties before assessment of damages. This report will be subject to action of the Clerk upon exceptions and an appeal therefrom.
The case being before the Judge on appeal, it was optional with him *Page 207 
to try it or remanded to the Clerk with instructions. Martin v. Briscoe,ante. As the notices, if given before the Judge, would have carried the case over to the next term, the course taken was preferable, especially as the jury appointed by the Clerk will have a better opportunity to view the premises.
Affirmed.
(251)