CHARLES P. DUNN vs. DANIEL G. FLYNN, ADMINISTRATOR, EL ALS.

First Judicial District, Hartford, January Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

A power conferred upon two or more persons by individuals to render a decision with reference to private matters must be executed by all unless it is specifically provided that a less number may effectually execute it; but when such authority is imposed by law for public purposes, and especially for purposes of a judicial character, it may be executed by a majority, if all have been legally notified to act.

Appraisers who are appointed under the provisions of § 5197 of the General Statutes to value mortgaged property for the purpose of determining whether a deficiency judgment shall be rendered, act in a *quasi*-judicial capacity and, therefore, if all consider together the appraisal to be made and two of the three concur in a written report filed with the clerk of the court, the requirements of the statute have been met and the appraisal so made is final and conclusive.

Argued January 4th—decided January 27th, 1928.

ACTION to foreclose a mortgage of real estate, and for a deficiency judgment, brought to the City Court of

the city of Hartford and tried to the court, *Ross, J.;* judgment rendered granting a decree of strict foreclosure, but denying the plaintiff's prayer for a deficiency judgment, from which he appealed. *Error; supplemental judgment directed for plaintiff.*

*Walfrid G. Lundborg,* with whom, on the brief, was *Milton D. Newman,* for the appellant (plaintiff).

*Vincent W. Dennis,* for the appellee (defendant Daniel G. Flynn, administrator).

MALTBIE, J. This is an appeal from a judgment in foreclosure, wherein the trial court, having decreed a strict foreclosure, thereafter, on an application for a supplemental judgment, refused to award the plaintiff damages to which he claimed to be entitled by reason of a deficiency in the value of the mortgage security to satisfy the debt. Where a strict foreclosure has been decreed, the court is authorized by § 5197 of the General Statutes, upon motion of any party, to appoint three disinterested appraisers, who are to appraise the mortgaged property within ten days after the time limited for redemption has expired and make written report to the clerk of the court, and the court may, in a supplemental judgment in the same action, award to the plaintiff the difference between the value of the mortgaged property as fixed by such appraisal and the amount of his debt. Taking advantage of this statute, the plaintiff moved for the appointment of three appraisers and the court made that appointment. These appraisers were unable to agree, and two reports were made, one, signed by two of them, fixing the value of the mortgaged property as $8,000, and the other, signed by the third, fixing that value as $10,000. The trial court ruled that there was no appraisal filed which complied with the terms of the statute, and itself found the

Dunn *v.* Flynn.

value of the mortgaged property, fixing it as $10,000. As the debt due the plaintiff, with costs, amounted to $4,542.44, and there were prior incumbrances amounting to $5,310.46, making a total of $9,852.90, it refused to render judgment for the plaintiff to recover any deficiency.

The first statute in this State authorizing the rendering of a deficiency judgment in foreclosure provided that the value of the mortgaged property should be ascertained by the court. Public Acts of 1833, Chap. 18. The statute under which these proceedings were taken commits the function of determining that value to the appraisers appointed by the court and provides that their appraisal shall be final and conclusive. It is clear that they act in a *quasi*-judicial capacity. *Norwich Gas & Electric Co.* v. *Norwich,* 76 Conn. 565, 571, 57 Atl. 476. The law is well settled that where the determination of matters of public concern as distinguished from those of private confidence are committed to a group of persons, the decision of a majority, at least where all have acted together in hearing and considering the matter at issue, is a valid and effectual performance of the duty entrusted to them. *Crone* v. *Daniels,* 20 Conn. 331, 333; *Gallup* v. *Tracy,* 25 Conn. 10, 17; *Martin* v. *Lemon,* 26 Conn. 192, 193; *Smith* v. *New Haven,* 59 Conn. 203, 211, 22 Atl. 146. In *Middletown* v. *Berlin,* 18 Conn. 189, 197, the rule is stated in this way: "A power conferred upon two or more persons, by individuals, for private purposes, must be executed by all, unless it be provided, by the act conferring the power, that a less number may effectually execute it; but an authority imposed by law for public purposes, and especially for purposes of a judicial character, may be executed by a majority, if all have been legally notified to act." In *Patterson* v. *Leavitt,* 4 Conn. 50, 53, we distinguished the case of arbitrators

chosen by private persons to determine a controversy which had arisen between them from "the awards of referees and auditors, who derive their power to administer justice, by the *act of law*."

In the case of appraisers appointed for the purpose of the levy of an execution upon land, which is very closely analogous to the situation before us, we have held that their appointment is not to be regarded as a matter of contract between the parties; *Strong* v. *Birchard,* 5 Conn. 357, 361; and that they are so much the agents of the law that the parties may not waive a ground of disqualification specified in the statutes. *Mitchell* v. *Kirkland,* 7 Conn. 229, 231. As bearing upon the policy of the law, it is significant that ever since 1821 the statutes have provided that a report of such an appraisal signed by a majority of them shall be valid and effectual; General Statutes, § 5957; and it is noteworthy that in Massachusetts a similar result was reached without the aid of a statute. *Moffitt* v. *Jaquins,* 19 Mass. (2 Pick.) 331; and see Reporter's note to this case. The very fact that in the statute before us an odd number of appraisers is specified suggests that the legislature had in mind the possibility of a disagreement. See *Jones* v. *Andover,* 26 Mass. (9 Pick.) 146, 151. In actual practice, in such a situation as this, it is not unusual for each party to nominate one appraiser who, he thinks, will be favorable to his interest, and it ought not to be placed in the power of one to defeat the statute by naming a person who will prove to be obdurate and unreasonable. See *Omaha Water Co.* v. *Omaha,* 162 Fed. 225, 228.

These principles and considerations show that where three appraisers are appointed under the provisions of § 5197 of the General Statutes to value mortgaged property, if all consider together the appraisal to be made and two concur in a written report to the clerk,

the requirements of the statute have been met. The trial court should have accepted the appraisal signed by a majority of the appraisers in this case and rendered judgment for the plaintiff to recover the difference between the value of the mortgaged property secured by the foreclosure as so fixed and the amount of the debt.

There is error, the supplemental judgment is set aside and the cause remanded with direction to enter a supplemental judgment for the plaintiff in accordance with this opinion.

In this opinion the other judges concurred.