THE CONGRESS BANK AND TRUST COMPANY *vs.*
CLARENCE L. BROCKETT ET ALS.

Third Judicial District, Bridgeport, April Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued April 9th—decided June 2d, 1930.

*Andrew D. Dawson* and *Joseph J. Davis,* for the appellants (defendants Strong and Cucolo).

*Louis M. Rosenbluth,* for the appellee (plaintiff).

WHEELER, C. J.  In this foreclosure action the plaintiff made his motion for a deficiency judgment alleging: the rendition of the judgment of foreclosure in favor of the plaintiff, the failure of the defendants to redeem, the appointment of three appraisers pursuant

to statute who, under oath, appraised the mortgaged premises at $73,000, and the existence upon these premises of incumbrances, interest, taxes, costs, etc., making in all a total indebtedness of $81,423.53 with interest from the date of judgment November 8th, 1929. Wherefore the plaintiff prayed for a deficiency judgment in its favor against the defendants.

The defendants Cucolo and the defendant Strong remonstrated against the acceptance of the report and moved that it be rejected, alleging: The appraisers did not perform their duties under the statute in that they did not, as a committee, view the premises together, or consider their value, or fix the value upon the property, but fixed it irregularly and not in accordance with the statute. On December 10th, 1929, the appraisers met and conferred for the purpose of determining the value of the premises, but failed to agree, neither did a majority agree, nor at any meeting did they agree, and it was agreed between them that each would file a report with the clerk of the court showing the valuation fixed by each appraiser. Subsequently two of the appraisers met and conferred without the knowledge of, or notice to the third appraiser, and determined by themselves the value of the premises in entire disregard of the suggestion or advice of the third appraiser. The report of the majority of the appraisers was not the result of the deliberation of the appraisers acting as a committee but of two of the appraisers only.

The plaintiff demurred to the remonstrance because: It appeared from it, that all the appraisers considered together the appraisal, that they had all been notified to act and at the first hearing could not agree, that there is nothing in the statute which prevents two of them from later agreeing upon the same valuation. It does not appear that the presence of the third ap-

praiser would have altered or changed the decision of the two appraisers, or that the valuation is unreasonable or unfair, and there is no allegation in the remonstrance that the two appraisers arrived at their valuation through any fraud, accident or mistake. The court sustained the demurrer and the defendants appeal from this ruling.

The Superior Court under General Statutes, § 5197, appointed "three disinterested appraisers who shall, under oath, appraise the mortgaged property . . . and shall make written report of their appraisal to the clerk of the court. . . ." The appraisers were public agents acting by appointment of the court in a quasi-judicial capacity in the doing of a public duty. *Smith* v. *New Haven*, 59 Conn. 203, 211, 22 Atl. 146; *Norwalk* v. *Connecticut Co.*, 88 Conn. 471, 478, 91 Atl. 442; *Dunn* v. *Flynn*, 107 Conn. 272, 274, 140 Atl. 204; *Martin* v. *Lemon*, 26 Conn. 192, 193.

We held in 1846, in *Middletown* v. *Berlin*, 18 Conn. 189, 197, that "an authority imposed by law for public purposes, and especially for purposes of a judicial character, may be executed by a majority, if all have been legally notified to act." From that time this has been the rule of this court. Our latest pronouncement upon this subject is *Dunn* v. *Flynn*, 107 Conn. 272, 140 Atl. 204. It is not necessary that all members of such a committee, commission or board should hear and consider the public matter in issue provided all had notice to be present and the opportunity to participate in its consideration with the other members.

In the case before us all of the appraisers, who were public agents acting in a quasi-judicial capacity, did meet and consider the matter of the valuation but a majority did not agree upon the value of the premises. The subsequent action of two of the three appraisers acting without notice to the third could not make a

legal determination of the value unless the third appraiser had knowledge of the meeting and an opportunity to be present. The law contemplates that no quasi-judicial matter shall be determined without the opportunity for consideration by those who are charged with the duty of determination. If all have such notice the law accepts the judgment of the majority as the necessarily practical method of performance of a public duty of this character. It will not countenance a deviation from this rule and permit two of the appraisers to make their valuation without having the third appraiser notified of their meeting. A departure from this rule might lead to grave abuses. The demurrer should have been overruled.

There is error, the deficiency judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.