JOHN L. CANNON, EXECUTOR (ESTATE OF JAMES J. CANNON) *vs.* ALICE F. CANNON ET ALS.

Third Judicial District, Bridgeport, April Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued April 11th—decided July 9th, 1930.

*Charles S. Hamilton,* for the appellant (plaintiff).

*Ellsworth B. Foote,* with whom, on the brief, was *David E. Fitzgerald* and *David E. Fitzgerald, Jr.,* for the appellees (defendants).

WHEELER, C. J. Upon the settlement of the account by the executor with the estate of James J. Cannon there remained certain property of the estate to be divided in accordance with the provisions of the will of the decedent. The Court of Probate thereupon ordered that Carl F. Bollman, William L. Hadden and John J. Sullivan, disinterested persons, make distribution of this property. On November 22d, 1928, that court accepted their distribution and ordered it on record. The plaintiff as a legatee and executor upon this estate took his appeal from the order accepting the distribution.

General Statutes, § 4961, under which the Court of Probate acted, authorized it upon the settlement of the account in this testate estate to "appoint three disinterested persons to make the division," and it further provided that "such division shall when accepted by the court be binding on all persons interested." It is

immaterial that these persons were incorrectly designated by the court as distributors instead of disinterested persons to make the division.

The appellant rests his appeal primarily upon the point that while the statute, § 5060, provides for the distribution of intestate estate "by three disinterested persons, or any two of them," the statute, § 4961, provides in the case of a testate estate that the court may appoint three disinterested persons to make the division, without provision in the statute that the division is to be made by a majority of the disinterested persons. The duty imposed upon the three disinterested persons under each statute, was for a public purpose, judicial in character, and under the long-recognized rule of this court may be executed by a majority of these persons.

In *Congress Bank & Trust Co.* v. *Brockett,* 111 Conn. 490, 492, 150 Atl. 742, we say this rule has existed in this State since 1846, when *Middletown* v. *Berlin,* 18 Conn. 189, 196, was decided. See also *Dunn* v. *Flynn,* 107 Conn. 272, 140 Atl. 204. "It is not necessary," we held in *Congress Bank & Trust Co.* v. *Brockett, supra,* "that all members of such a committee, commission or board should hear and consider the public matter in issue provided all had notice to be present and the opportunity to participate in its consideration with the other members." No claim is made in the case before us that that one of the three disinterested persons so appointed who did not sign the distribution, did not have notice of the meeting at which the distribution was drawn up, nor that he did not have the opportunity to be present. If all have such notice the law accepts the judgment of the majority as the necessarily practical method of performance of a public duty of this character. It makes no difference whether the statute specifies that a majority may

act, or is silent in regard to this. In the latter case the law decrees that a majority may act. Nor are we able to appreciate the distinction the appellant finds between the work done by the disinterested persons in the testate estate and that done by the same class of persons in the intestate estate. There is nothing either in the work to be done or in the language of the statute which reveals a legislative intent that all of the three disinterested persons in the testate estate should sign the division or distribution made.

The second point advanced by the appellant is that the distribution by the two signing it did not follow the terms of the will. Article 1 of the will provides, "I direct that all my just debts and funeral expenses be paid by my executor hereinafter named." Article 2 continues, "After the payment of my just debts and funeral expenses I give, devise and bequeath to my wife, Alice Finnerty Cannon, a life use in one-third of all my property, real and personal, and wherever situated." The appellant claims that the testator intended that his wife should have the use for life of one third of his estate after all just debts, funeral expenses and the several legacies that he had made in his will should be deducted.

The distributors deducted from the total of the gross estate all the ante-mortem claims, funeral expenses and the unpaid balance of the mortgage on the real estate and estimated the life use of the widow under Article 2 as one third of the balance of all the testator's property. The intention of the testator must be found in the terms of this article read in the light of the surrounding circumstances. "Just debts and funeral expenses" in a will never are intended to include legacies unless the context shows that this was the testator's intention. There is no manifestation in this will that the testator intended by these terms a

meaning other than their ordinary and natural meaning. The remainder interest in the one third subject to the life use of the wife the testator disposes of in Article 3: "After the life use of my wife . . . I give the remainder of .said one-third to my mother," etc. Then follows in the succeeding four articles the specific legacies which take a very considerable part of the residue of the testator's estate. These provisions do not give the slightest inkling that the testator intended to have all of these legacies paid before his wife's life use of one third of his property should be ascertained.

The construction claimed by the appellant would reduce the life use of the wife to a comparatively small amount, as well as the remainder interest of his mother, and lead to an unnatural disposition. The claim of the appellant that the life use of the wife should not be computed as it was computed in the distribution from the date of death of the testator is contrary to the rule of law adopted by this court. *Webb* v. *Lines,* 77 Conn. 51, 58 Atl. 227; *Stanley* v. *Stanley,* 108 Conn. 100, 108, 142 Atl. 851.

The assignment of error that the terms of the distribution are too vague, uncertain and indefinite for the executor to follow in dividing the estate fails to specify wherein the distribution so fails and for that reason cannot be considered. We agree with the trial court in holding that, "The distributors have distributed the estate strictly in accordance with the terms of the will."

The exclusion of the offer in evidence of certain files and records by the appellant was correct. The evidence was immaterial because of its remoteness.

There is no error.

In this opinion the other judges concurred.