ALICE L. WILCOX ET AL. *vs.* FREDERICK J. BLISS ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

330

Argued January 6th—decided February 21st, 1933.

*John C. Blackall,* for the appellants (defendants).

*Arthur L. Shipman, Jr.,* with whom, on the brief, was *Arthur L. Shipman,* for the appellees (plaintiffs).

HINMAN, J.  The appeal relates only to the deficiency judgment.  The action was brought to foreclose a mortgage on real estate in Hartford which, on November 15th, 1928, had been sold by the plaintiffs to the defendants.  The purchase price was $80,000, of which the defendants paid $16,000 in cash and assumed a first mortgage of $10,000.  The balance was

represented by a note of $54,000 secured by the mortgage sought to be foreclosed. Judgment of strict foreclosure fixing the amount of the debt at $56,939 was rendered May 27th, 1932. This was followed by an application for a deficiency judgment, and appraisers were appointed who filed a report appraising the property at $65,000. From this sum the court deducted the amount of the first mortgage and interest, $10,450, and taxes amounting to $3187.61, determined the deficiency to be $5703.22, and rendered judgment accordingly.

The supplementary judgment was entered through the procedure prescribed by § 5083 of the General Statutes, which provides that: "Upon the motion of any party to a foreclosure, the court shall appoint three disinterested appraisers, who shall, under oath, within ten days after the time limited for redemption shall have expired, appraise the mortgaged property and shall make written report of their appraisal to the clerk of the court where such foreclosure was had. Such report shall be a part of the files of such foreclosure suit, and such appraisal shall be final and conclusive as to the value of such mortgaged property. The mortgage creditor, in any further action upon the mortgage debt, note, or obligation, shall recover only the difference between the value of the mortgaged property as fixed by such appraisal and the amount of his claim; and the court in which such action shall be pending may, by its supplementary judgment, at any time within ninety days after the time limited for redemption has expired, if the appraisal and report thereof shall have been made, render judgment for the plaintiff for the difference between such appraisal and the plaintiff's claim."

Prior to 1833 the foreclosure of a mortgage operated to bar any subsequent action upon the mortgage debt.

Since that time successive statutes have recognized and effectuated a right in a mortgagee to a judgment for the deficiency when the value of the property acquired on foreclosure proves insufficient to satisfy in full the mortgage debt. General Statutes, 1835, Title 31, Chap. 4; Public Acts, 1878, Chap. 129; General Statutes, 1888, §§ 3010, 3011; General Statutes, 1902, §§ 4123, 4124; General Statutes, 1930, §§ 5080, 5083; *Ansonia National Bank's Appeal,* 58 Conn. 257, 18 Atl. 1030; 20 id. 394; *Bergin* v. *Robbins,* 109 Conn. 329, 333, 146 Atl. 724. Since 1878 this right has been conditioned upon the making of the person or persons liable for the payment of the deficiency, parties to the foreclosure suit. General Statutes, § 5080.

On the trial and here the appellants claimed that § 5083, although general in its terms, was not intended to and does not apply to foreclosure of a purchase-money mortgage. We find nothing in the language of the statute, in its legislative history, or in the considerations which led to its adoption to permit a construction excepting this class of mortgages from its operation. Such an exception would be unusual, but where intended may readily be provided for, as illustrated by the Oregon statute quoted in *Page* v. *Ford,* 65 Ore. 450, 131 Pac. 1013, 45 L. R. A. (N. S.) 247. See also *Thompson* v. *West,* 59 Neb. 677, 82 N. W. 13.

It is urged that, if the statute be construed as including purchase-money mortgages, its operation as applied to the facts in the instant case is inequitable in that the plaintiffs, in addition to receiving $16,000 in cash upon the sale in 1928 and regaining the property by foreclosure, obtain further payment under the deficiency judgment. The plaintiffs point out that it appears from the finding that the defendants were exceptionally well qualified to judge of real-estate values and doubtless purchased the property with the expec-

tation of an increase in value, to the profit from which they would have been entitled, and that as a necessary concomitant they assumed a risk of loss if depreciation occurred, as it did, and that the mortgagees may not fairly be compelled to bear or share such loss while being excluded from the opportunity for prospective profit. Even if the comparative weight of these opposing considerations inclined to relief of the defendants, the statute leaves no room for allowance of it. The illustration afforded by the situation involved is, rather, a proper subject for legislative consideration as to whether the statute (§ 5083) should be so amended as to exclude purchase-money mortgages from the scope of its operation.

The finding that no sales of real estate in the same section of the city have occurred since that of the property in question, so that important criteria usually available in appraisal of values are lacking, creates no infirmity in the appraisal which is helpful to the defendants, at least at this stage. Objections to the appraisal are properly to be asserted by remonstrance against the acceptance of the report. *Congress Bank & Trust Co.* v. *Brockett,* 111 Conn. 490, 150 Atl. 742. The appraisers act in a quasi-judicial capacity and their report, when made and accepted, is final and conclusive upon the court as to the value of the mortgaged property. General Statutes, § 5083; *Dunn* v. *Flynn,* 107 Conn. 272, 274, 140 Atl. 204.

The remaining assignment of error concerns the computation of the amount of the deficiency judgment, in the course of which not only the undisputed items of principal and interest of the first mortgage but also city taxes on the lists of 1930 and 1931 were deducted, as encumbrances, from the appraised value of the property. The appraisers properly reported the entire value without determining the existence or extent of

prior encumbrances; it was incumbent upon the plaintiffs to plead and prove them. *Sisson* v. *Tubbs*, 50 Conn. 292, 294; *Suisman* v. *Gorentz*, 90 Conn. 618, 98 Atl. 89. The application for a deficiency judgment set up the taxes as encumbrances. The finding is that the tax on list of 1930 was due and payable July 1st, 1931; that on list of 1931 was not due until July 1st, 1932; neither tax had been paid by the plaintiffs at the time the deficiency judgment was applied for, but each was at that time a lien on the premises. The defendants contend that taxes due and owing but which have not in fact been paid by the foreclosing mortgagee cannot be included as an encumbrance on the premises foreclosed and deducted as such in determining the amount of a deficiency judgment. The gist of the argument in support of this claim is that unless the taxes have actually been paid by the foreclosing mortgagee, he may dispose of the property without being required to satisfy them, although having obtained the benefit of them by the deduction. The unquestioned finding is that the taxes were a lien on the premises; as a matter of law they constituted at least an inchoate lien and an actual encumbrance superior in order of priority even to the first mortgage, as to the deduction of which no question is or can be made. General Statutes, Cum. Sup. 1931, § 226a; *Merchants Bank & Trust Co.* v. *Pettison*, 112 Conn. 652, 656, 153 Atl. 789. If the plaintiffs should sell the premises before discharging these liens by payment, their existence as encumbrances necessarily would be taken into account, equally with the first mortgage, in adjustment of the purchase price; therefore they should not be ignored in foreclosure proceedings. If the plaintiffs had paid them, they would be included in the mortgage debt under § 5081 of the General Statutes; if unpaid and therefore remaining as liens, it is apparent that they

are properly deductible from the total appraised value along with other existing encumbrances antecedent to the mortgage being foreclosed.

There is no error.

In this opinion the other judges concurred.