The People's Holding Company *vs.* Margret Bray et als.

Maltbie, C. J., Haines, Hinman, Banks and Avery, Js.

Argued May 4th—decided June 12th, 1934.

*Nehemiah Candee* and *Robert M. Wolfe, Jr.,* for the appellant (plaintiff).

*John D. Walker,* with whom was *Charles D. Lockwood,* for the appellee (named defendant).

HINMAN, J. This action was brought to foreclose a mortgage given by the defendant Bray to the plaintiff, the complaint demanding, in addition to foreclosure and possession of the mortgaged premises, a deficiency judgment against Bray who had, since giving the mortgage, sold the premises, and the appointment of appraisers to that end. A judgment of strict foreclosure was rendered in favor of the plaintiff on May 4th, 1933, the amount of the debt being fixed at $28,433 with interest from that date, and the law day for Bray was set as the first Tuesday of June (June 6th), 1933, with succeeding days for two other defendants. Thereafter, on May 19th, on plaintiff's motion, three appraisers were appointed to appraise the premises and make report under § 5083 of the General

Statutes. This appraisal was made on June 2d and filed with the clerk of the court on June 5th, 1933. Thereupon the defendant Bray filed a remonstrance to the report, which the court sustained on the first ground stated therein, that "said purported appraisal was not made within the time and in the manner prescribed by law." Thereafter formal proceedings were had culminating in a supplemental judgment sustaining the remonstrance and denying the deficiency judgment against Bray, and the plaintiff appealed therefrom.

The question presented is whether the trial court erred in holding, in sustaining the remonstrance on the ground above quoted, that the appraisal, by reason of having been made on June 2d and before the date limited for redemption (June 6th), so failed of compliance with the statute governing that proceeding, § 5083 of the General Statutes, as to invalidate it. Under the construction of this statute which was adopted by the trial court, the appraisal is required to be made within the period consisting of the ten days following, and may not be made earlier than, the law day. The appellant, while admitting that the provision limits a time beyond which an appraisal and report thereof cannot be made, contends that they may be made at any time after the judgment of strict foreclosure has been entered and until the expiration of ten days after the time limited for redemption. The portion of § 5083 which is material to the present inquiry is as follows: "Upon the motion of any party to a foreclosure, the court shall appoint three disinterested appraisers, who shall, under oath, within ten days after the time limited for redemption shall have expired, appraise the mortgaged property and shall make written report of their appraisal to the clerk of the court where such foreclosure was had."

A statute should be so construed, having in view its object, as to give effect to the legislative intent. *State ex rel. Stamford* v. *Board of Purchase and Supplies,* 111 Conn. 147, 161, 149 Atl. 410; *Newton's Appeal,* 84 Conn. 234, 241, 79 Atl. 742. In *Staples* v. *Hendrick,* 89 Conn. 100, 103, 93 Atl. 5, we say of this same provision, then contained in § 4142 of the General Statutes (Rev. 1902), "the plain object . . . is to require a mortgage creditor, who appropriates the property in part payment only of his debt, to apply the actual value of the security to the debt before collecting any claimed deficiency," and we there refer to it as a "provision for fixing the actual value of the property as of the date of the foreclosure, and for making that valuation a conclusive basis for determining the . . . amount of any claimed deficiency." While the term "foreclosure" has been used with somewhat varying significance in and concerning statutes, as well as in common speech, in the present instance the meaning appropriate to the object and purpose of the statute is the "extinguishment of the right" and "the interposition of a perpetual legal bar against the party foreclosed" (*Goodman* v. *White,* 26 Conn. 317, 322), rather than the entry of the judgment of strict foreclosure, under which the appropriation of the property to the mortgage creditor and the extinguishment of the mortgagor's right can occur only at a future and, in many instances, a considerably distant date. Justice to all parties as well as the purpose of the statute dictates that the value of the property shall be appraised as of the date when title becomes absolute in the mortgagee.

The illustration adopted by the trial court in the memorandum of decision on the remonstrance is apt: "Let us suppose that in this case a year had been limited for redemption. Such limitations are not at all

unusual in these times. An appraisal made the day after judgment would be fair neither to the plaintiff nor defendant. If the property doubles in value before the date of redemption, the injustice to the defendant is plain. If the property depreciates fifty per cent, the plaintiff is harmed to just that extent." Another pertinent consideration is that, especially when the limitation for redemption is liberal, taxes, assessments, or other liens or charges may accrue and accumulate so as to materially affect the actual value of the property as finally appropriated toward satisfaction of the debt. It is true that in the present instance the time allotted for redemption was brief and appraisal was attempted to be made so short a time before the law day that these considerations have slight application, but in determining the legislative purpose and the intent expressed by a statute we must regard its general scope of operation and the effect of its application to all cases to which it is relevant, instead of basing a conclusion upon its practical effect in isolated and extreme cases. See *Capobinco* v. *Samorak,* 102 Conn. 310, 317, 128 Atl. 648. Statutes providing that an act be done "within" a limited time after a specified event or date which have been construed in cases cited by the appellant as permitting it at an earlier time are not analogous in object and inducing considerations to our § 5083. They relate, for example, to mechanics' liens (*Young* v. *The Orpheus,* 119 Mass. 179, 185; *Cary-Lombard Lumber Co.* v. *Fullenwider,* 150 Ill. 629, 37 N. E. 899); applications for assessment of damages for land taken for highway purposes (*In re Wittkowsky's Land,* 143 N. C. 247, 55 S. E. 617); waiver of provisions in a will and election to take dower (*Atherton* v. *Corliss,* 101 Mass. 40), and filing of claims against an estate declared insolvent (*Levert* v. *Read,* 54 Ala. 529).

We incline to the view that the words of the statute are not ambiguous as to the time during which they require the appraisal to be made—the ten days after the expiration of the limitation to redeem—but, be that as it may, this construction is amply confirmed by the object of the provision and the practical considerations which commend it and indicate the legislative intent. The necessity of a definite rule of general application and, as well, an unvarying adherence to it, is manifest. Departures from it, if permitted, "might lead to grave abuses." *Congress Bank & Trust Co.* v. *Brockett*, 111 Conn. 490, 493, 150 Atl. 742. We may not countenance and justify violations of the rule although they be productive of no actual prejudice; the statute leaves no room for such indulgences. *Wilcox* v. *Bliss*, 116 Conn. 329, 333, 164 Atl. 659.

There is no error.

In this opinion the other judges concurred.