## THE GREENWICH TRUST & TITLE CO.

vs.

## THE DEARFIELD LAND CO., ET AL.

Superior Court  Fairfield County  File #44252

Present:  Hon. ALFRED C. BALDWIN, Judge.

Wright, Hirschberg,
  Pettengill & Strong,  Attorneys for the Plaintiff.

Brush & Hannon,  Attorneys for the Defendant.

### MEMORANDUM FILED FEBRUARY 23, 1935.

BALDWIN, J.  The plaintiff in its complaint claimed, among other things, a foreclosure and a deficiency judgment. April 20, 1934, judgment of foreclosure was rendered, the law day for the owner of the equity was September 17, 1934, and for a subsequent encumbrancer, September 18, 1934.

April 26, 1934, plaintiff filed its motion for a deficiency judgment and the appointment of three appraisers.  Upon this motion, on May 11, 1934, an order was passed appointing three appraisers, directing an appraisal of the mortgaged premises and a report thereof to this court on or before September 27, 1934.

September 24, 1934, the appraisers made their report under oath and this report was filed in the office of the clerk of this court on the following day.  November 7, 1934 the defendants filed their remonstrance to this report and this remonstrance was sustained by this court in a judgment rendered upon a memorandum of decision filed December 19, 1934. Thereupon plaintiff on January 7, 1935 filed its motion for a reappraisal and the court on January 12, 1935 recommitted the matter "to the appraisers for an appraisal of the property as of September 17th, 1934 and report to be made to this court on or before January 25th, 1935, all in accordance with G. S. Sec. 5083."

One of these appraisers having become disqualified, on

January 18, 1935 another appraiser was appointed by the court in place of the disqualified member and these appraisers having been duly sworn, on January 21, 1935 met and reappraised the premises and upon the following day filed in the office of the clerk of this court their report, under oath, of this appraisal.

Motion is now made for a deficiency judgment under the provisions of **Sec. 5083 of the General Statutes.** The defendants oppose this motion, citing **People's Holding Co. vs. Bray, 118 Conn. 568.** In the case cited, judgment of foreclosure was rendered May 4, 1933, and the law day was June 6, 1933. A deficiency judgment being claimed appraisers were appointed and an appraisal was made June 2, 1933 and filed in court June 5, 1933. The defendant Bray filed a remonstrance to the report upon the ground that the appraisal "was not made within the time and in the manner prescribed by law." The remonstrance was sustained upon this ground, resulting in a judgment denying a deficiency judgment against the defendant Bray from which judgment an appeal was taken.

The court, after quoting in its decision that portion of **Sec. 5083** which is material, as follows:

"Upon the motion of any party to a foreclosure, the court shall appoint three disinterested appraisers, who shall, under oath, within ten days after the time limited for redemption shall have expired, appraise the mortgaged property and shall make a written report of their appraisal to the clerk of the court where such foreclosure was had", at **page 571** said:

"A statute should be so construed, having in view its object, as to give effect to the legislative intent", citing cases.

And again at **page 573.**

"We incline to the view that the words of the statute are not ambiguous as to the time during which they require the appraisal to be made—the ten days after the expiration of the limitation to redeem—but, be that as it may, this construction is amply confirmed by the object of the provision and the practical considerations which commend it and indicate the legislative intent. The necessity of a definite rule of general application and, as well, an unvarying adherence to it, is manifest. Departures from it, if permitted, 'might lead to grave abuses'. **Cengress Bank & Trust Co. vs. Brockett, 111 Conn. 470, 493, 150 Atl. 742** We may not countenance and justify violations of the rule although they be productive of no

actual prejudice; the statute leaves no room for such indulgences. **Wilcox vs. Bliss, 116 Conn. 329, 333, 164 Atl. 659.**"

**The People's Holding Co. vs. Bray** case is decisive of the instant case. The appraisal in the instant case was not made within the ten day statutory period, nor can a deficiency judgment now be rendered within the ninety day statutory period.

Judgment is therefore rendered for the defendant denying the plaintiff a deficiency judgment.