## HOME OWNERS LOAN CORPORATION
vs.
## GEORGE C. MARVEL, ET AL.

Superior Court  Fairfield County  File #51275

Present: Hon. JOHN RUFUS BOOTH, Judge.

Lavery & Lavery,    Attorneys for the Plaintiff.

Theodore Steiber,    Attorney for the Defendant.

**MEMORANDUM FILED NOVEMBER 22, 1937.**

BOOTH, J. The action is to foreclose a mortgage of real estate in which the Court on September 18th, 1936 rendered a judgment of strict foreclosure. Upon motion of the plaintiff duly made the Court appointed three appraisers under **Section 5083 of the General Statutes** for the purpose of determining

the value to be placed upon the property in connection with the plaintiff's claim for deficiency judgment therein.

The aforesaid appraisers having filed their report, the defendant now attacks the same by remonstrance which sets forth two grounds, the first being that the appraisers did not view the premises together, and the second being that they did not fix the value together.

Insofar as the first ground is concerned, it appeared in evidence at a hearing upon the remonstrance that Mr. FitzPatrick, who was one of the appraisers, did not examine the property in concert with Mr. Dunbar and Mr. Gallagher, who were the other two appraisers, but he did have notice of the time and an opportunity to be present with the latter two when they made their examination in concert. The appraisers were public agents acting in a quasi judicial capacity in the doing of a public duty. Congress Bank & Trust Company vs. Brockett, 111 Conn. 492. "It is not necessary that all members of such a committee, commission or board shall hear and consider the specific matter in issue providing all had notice to be present and the opportunity to participate in its consideration with the other members." Congress Bank & Trust Company vs. Brockett, supra. While the appraisal must be a joint act the proceedings leading up to such act may include such personal knowledge as the appraisers may have or may acquire so long as there is a final opportunity for correction of the individual member's error if any there is by the action of the others. Equitable Life Assurance Society vs. Slade, 122 Conn., 458. It is obvious then that the mere failure of all of the appraisers to act in concert while viewing the property was not an erroneous proceeding.

Insofar as the second ground of remonstrance is concerned, however, the situation is somewhat different. The evidence offered thereunder was to the effect that Mr. Dunbar and Mr. Gallagher met and jointly agreed upon the value as contained in the report but neither at any time gave notice to Mr. Fitz-Patrick of such meeting or any other wherein the subject of value was to be discussed. "The action of two of the three appraisers acting without notice to the third could not make a legal determination of the value unless the third appraiser had knowledge of the meeting and an opportunity to be present. The law contemplates that no quasi judicial matter shall be determined without the opportunity for consideration by those who are charged with the duty of determination. If all

have such notice the law accepts the judgment of the majority as the necessarily practical method of performance of a public duty of this character. It will not countenance a deviation from this rule and permit two of the appraisers to make their valuation without having the third appraiser notified of their meeting. A departure from this rule might lead to grave abuses." **Congress Bank & Trust Company vs. Brockett, 111 Conn., 492-493.**

In view of the foregoing, it is apparent that the second ground of remonstrance is well taken and the remonstrance is therefore sustained thereon.