[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TOPLAINTIFF'S MOTION FOR DEFICIENCY JUDGMENT
This case, previously styled Burritt Interfinancial Bancorporation v. Howard M. Wood, III, et al, was reversed by the Appellate Court in 1994. See 33 Conn. App. 401 (1994). A judgment of strict foreclosure was entered against all defendants on March 30, 1992 and law days were ordered concluding May 1, 1992. Plaintiff filed a motion for deficiency judgment on April 20, 1992 before the law days had expired. In June of 1992 the Bank obtained relief from the Bankruptcy Court and in August of 1992, the Bank filed a motion to open the judgment of strict foreclosure granted by the trial court, incorrectly as to the defendant Wood, as the Appellate Court held in Burritt v. Wood, supra.
After the case was remanded by the Appellate Court, the plaintiff obtained strict foreclosure in June of 1994 against the remaining defendant who had filed a bankruptcy petition, and obtained a law day of August 1, 1994 for that defendant. The plaintiff's motion for deficiency judgment as to that defendant was filed in timely fashion on August 8, 1994. There has been no hearing on that motion because of defendant Wood's objection to the deficiency judgment as against him.
The issue before the court for decision in defendant Wood's objection to the deficiency judgment is whether a filing of a motion for deficiency judgment before the law days have expired is sufficient compliance with Conn. Gen. Stats. § 49-14 (a) which provides: "At any time within 30 days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment."
Prior to the 1979 revision to C.G.A. § 49-14 (a), the law had been for many years that a deficiency judgment was established by three disinterested appraisers who were required to "within ten days after the time limited for redemption shall have expired" appraise the mortgaged property. The appraisers' opinion as to the value of the property was conclusive as to the existence and amount of a deficiency judgment. of course, in 1979 our Supreme Court held that procedure to be unconstitutional because it failed CT Page 863 to comply with procedural due process requirements of theFourteenth Amendment to the U.S. Constitution and of Article First, Section 10, of the Connecticut Constitution. Societyfor Savings v. Chestnut Estates, Inc., 176 Conn. 563, 564-65
(1979). Within a matter of weeks after the decision inSociety for Savings v. Chestnut Estates. Inc., supra, the Legislature was presented with a bill providing essentially the language which the court today construes. The Legislative history makes it clear that the only intent of the revision was to provide a meaningful evidentiary hearing as to the value of the property at the time of vesting of title.
In its earlier incarnation, the deficiency judgment statute was construed by our Supreme Court. In People HoldingCo. v. Brey, 118 Conn. 568 (1934), a judgment of strict foreclosure was rendered on May 4, 1933 and law days commenced on June 6th. The appraisers who had been appointed on May 19, however, made their appraisal on June 2nd and filed the same with the Clerk of the Court on June 5th. This early filing was held to be fatal to plaintiff's claim for a deficiency judgment, the court reasoning that "the words of the statute are not ambiguous as to the time during which they required the appraisal to be made — the 10 days after the expiration of the limitation to redeem — ". Peoples Holding Co. v. Brey,118 Conn. 568 at 573. The court went on to point out "we may not countenance and justify violations of the rule although they be productive of no actual prejudice; the statute leaves no room for such indulgences." Id.
Plaintiff argues, however, that the word "within" is a word of limitation, so that the phrase "at any time within 30 days after" really means at any time before 30 days after. Plaintiff argues that a motion would be timely if filed at any time after a judgment of strict foreclosure entered, although it is not clear why plaintiff's construction of the statute would have to be limited to the date of judgment of foreclosure. It could just as logically be attached to the writ, summons and complaint in the foreclosure action, in much the same manner as deficiency judgments are routinely listed in claims for relief in foreclosure complaints under today's practice.
There is dicta in recent Appellate Court cases which seems to assume that the 30 days mentioned in C.G.S. § 49-14 (a) is a period of only 30 days, and not a longer period. "The CT Page 864 issue presented on appeal is whether the 30 day period forfiling a motion for a deficiency judgment is calculated (emphasis supplied) . . ." First Federal Savings LoanAssociation of Rochester v. Pellechia, 37 Conn. App. 423, 425; The statute is clear on its face that the expiration of the time limited for redemption is the event that activates the 30day period within which to file for a deficiency judgment
(emphasis supplied)." Id.; "The plaintiff had 30 days, commencing on Dec. 10, 1992 and expiring on Jan. 8, 1992 (sic) to file a motion for deficiency judgment." Farmers Mechanics Bank v. Kneller, 40 Conn. App. 115, 127 (1996).
Superior Court opinions have also indicated, albeit not directly on point, this same interpretation of this statute. "General Statutes 49-14 provides a 30 day window of opportunity for a mortgagee whose debt is not wholly satisfied in a foreclosure action to seek a deficiency judgment."American Mortgage Corp. v. Hope, CV91 0446532 11 Conn. L. Rptr. 439
(Judicial District of Hartford, April 21, 1994) (Berger, J.); "If the stay does toll the period for redemption, then, as discussed herein, title would not have vested in FCB and FCB would be required to open the judgment for the court to assign new law days. In that event, any motion for deficiency judgment would be premature." First Constitution Bank v. Flanders, CV91 0310164 13 Conn. L. Rptr. 218 (Judicial District of New Haven, March 22, 1995) (Celotto, J.).
The court holds that the filing of the motion for deficiency judgment on April 20, 1992, when "the time limited for redemption" had not yet expired, is a fatal defect to plaintiff's motion for deficiency judgment as against the defendant Wood. of course, the later motion for deficiency judgment filed after the law days expired as to the co-defendant in this case were filed far too late to be applicable to Wood, and the plaintiff does not otherwise contend.
For the foregoing reasons, the objection to the deficiency judgment is sustained as to defendant Howard Wood.
Koletsky, J. CT Page 865