[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In an earlier mortgage foreclosure action, the plaintiff Lorraine Mikolinski obtained a deficiency judgment in the amount of $3,026,000 against the defendant Valley View Joint Venture. The plaintiff now brings this action against the individual partners of a partnership known as Hilltop Limited Partnership. Hilltop was one of the two Valley View joint venturers. The plaintiff seeks to hold the Hilltop partners individually liable for the deficiency judgment. This case has been resolved as to all defendants but one. The case was tried against the remaining defendant, Stephen Stewart, who filed several special defenses disputing his liability for the deficiency judgment.
Many of the basic facts in this case are undisputed. On October 1, 1991, the plaintiff obtained a deficiency judgment in the amount of $3,026,000 against Valley View Joint Venture in a foreclosure action. Valley View was a joint venture comprised of a corporation, Horrigan Construction Company, Inc., and Hilltop Limited Partnership. The defendant Stephen Stewart is the sole general partner of Hilltop Limited Partnership. CT Page 8858
In 1986, the plaintiff sold certain property in Naugatuck to Valley View and took back a purchase money mortgage securing a promissory note for $1,960,000. When the mortgage went into default, the plaintiff filed an action to foreclose her mortgage. Stewart was not made a defendant in the foreclosure action nor was he served individually with the foreclosure complaint, although as a Connecticut resident, he could have been served and made a party. The joint venture has not paid the deficiency judgment and the balance due on the judgment as of the date of trial was $4,791,906.19.
The defendant Stewart's first special defense alleges that the plaintiff's claim against him is barred by the provisions of General Statutes § 49-1. He contends that this statute precludes a second action such as this one to enforce a deficiency judgment against a person who could have been made a party to the earlier foreclosure action in which the judgment was procured.
Section 49-1 provides in pertinent part
 [t]he foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of the foreclosure . . .
The plaintiff disputes Stewart's contention that this action is barred by § 49-1.
In construing a statute, the court's fundamental objective is to ascertain and give effect to the legislature's intent. Simmonsv. Simmons, 244 Conn. 158, 164 (1998). To determine that intent, the court looks "to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. (Citations omitted; internal quotation marks omitted.) Id.
It is appropriate to begin by reviewing briefly the history of Connecticut law pertaining to mortgage foreclosures and deficiency judgments. Before 1833, foreclosure of a mortgage CT Page 8859 barred any subsequent action on the mortgage debt. Wilcox v.Bliss, 116 Conn. 329, 331-32 (1933). In 1833 legislation was approved that allowed a mortgagee to institute a second action to collect the difference between the amount owed and the value of the foreclosed property where the property value was less than the debt. First Bank v. Simpson, 199 Conn. 368, 374, n. 4. (1986).
Beginning in 1878, the statutory right to a deficiency judgment was conditioned on making the persons liable for the deficiency parties to the foreclosure action. Wilcox v. Bliss,
supra, 116 Conn. 332. In 1957 the legislature adopted the statute that is now designated General Statutes § 49-1. The statute prohibits a second action on the mortgage obligation against persons who could have been made parties to the foreclosure.First Bank v. Simpson, supra, 199 Conn. 374, n. 4.(1986).
The new statute, Public Acts 1957, No. 443, prohibits the foreclosing mortgagee from maintaining a separate action on the underlying mortgage debt, note or obligation against any person liable except those upon whom personal service could not have been made at the outset of the foreclosure. Id., 376. The new law prohibited further action not only against parties to the foreclosure, but also against those who could have been served and made parties to the foreclosure action. The legislature's purpose in adopting P.A. 443 was as clear as the statutory language itself:
 Actually what we are trying to accomplish is this. A person who may be liable upon a note or upon a foreclosure of mortgage, should be brought into the action if he can be found at the time the action is first brought. It's good practice not to permit one person to be sued and then someone else might be liable along with it, be left out and then sued a year later or something like that. The intention of this bill and also the technical amendment is to bring in all those parties who are in this state, who can be served and make them respond at that time, and if there's going to be any deficiency judgment those matters will be determined at that one action at that one time.
(Emphasis added.) 7 H.R. Proc., Pt. 4, 1957 Sess., pp. 2374-75, remarks of Rep. Edward C. Krawiecki.
There is no dispute here that the defendant Stephen Stewart could have been made a party to the foreclosure action against Valley View, but he was not. Under both the express wording of CT Page 8860 § 49-1 and the clear legislative intent and policy in adopting the statute, it appears that this second action against Stewart is barred because he could have been made a party defendant in the mortgage foreclosure, but was not.
The plaintiff, however, disputes the applicability of the General Statutes § 49-1 to this action and relies instead on principles of partnership law as set forth in Dayco Corp. v. FredT. Roberts Co., 192 Conn. 497 (1984) and, more recently, inWarner v. Lancia, 46 Conn. App. 150 (1997) In both of these cases the plaintiff first obtained a money judgment against a general partnership. When the judgment remained unsatisfied, the plaintiff in each case brought a second action pursuant to General Statutes § 34-53 against the general partners of the partnership to establish the personal liability of the individual general partners for the judgment. Judgments against the defendant general partners were upheld in both appeals, the courts finding it appropriate to bring the second suit against the general partners to establish their personal liability for the unsatisfied judgment against the partnerships.
Dayco and Warner, are, however, readily distinguishable from the case before the court. NeitherDayconorWarner involved the foreclosure of a mortgage or a deficiency judgment. Therefore, General Statutes § 49-1 was not implicated in either case. Section 49-1 does govern the deficiency judgment at issue before this court, however, because it arose in a foreclosure action that is controlled by § 49-1. The broad bar of § 49-1
against second actions clearly applies to the present case; the statute provides no exception for mortgages from partnerships. The plaintiff's reliance onDayco andWarner is misplaced. The court finds for the defendant Stephen Stewart on his first special defense. It is therefore not necessary to address his remaining special defenses. Judgment is entered for the defendant Stephen Stewart.
Vertefeuille, J.