TOWNSHIP OF LONG BEACH, complainant-respondent,

*v.*

DANIEL B. FRAZIER COMPANY, a corporation of the State of New Jersey, defendant-appellant.

[Submitted October term, 1932. Decided January 31st, 1933.]

*Mr. Howard Ewart,* for the complainant-respondent.

*Mr. Joseph H. Carr* and *Mr. Bernhard G. Luethy,* for the defendant-appellant.

The opinion of the court was delivered by

KAYS, J.

These are five appeals from five decrees of the court of chancery advised by Vice-Chancellor Berry. All five bills were filed by the municipality, the respondent, to foreclose certificates of tax sales held by said municipality. Thereafter writs of *certiorari* were allowed by the supreme court and

330

the *allocaturs* were vacated by orders of that court. From these orders appeals are pending in this court, after which on motion most of the defense set up in the answers was stricken out. The opinion of the vice-chancellor is reported in *10 N. J. Mis. R. 719*. Appeals were taken from these orders to this court. The court of chancery after taking such action proceeded to final hearing. As a result of this action by the court below the issue before the court of chancery at final hearing resolved itself into a question of what rate of interest, if any, the municipality was entitled to collect upon a redemption of the properties involved from the tax sales which were the subject of foreclosure. It was conceded in the court below that there was no issue with respect to the rate of interest on the amount required to redeem from the various tax sales, except as to the taxes which became delinquent subsequent to the time when the property was sold for taxes. The controversy there was in reference to what rate of interest, if any, was chargeable on subsequent municipal tax, that is, the interest on taxes which became due and were delinquent from the time of the tax sale until the foreclosure of the tax certificates. The vice-chancellor held that the municipality, which was the holder of the tax certificates, was entitled to interest on all such taxes which subsequently accrued at the rate of eight per centum per annum. It was conceded before the court below that the complainant, the township of Long Beach, never adopted a resolution fixing the rate of interest which should be charged upon delinquent taxes. It was contended, however, on behalf of the municipality, notwithstanding the fact, that interest was collectible on such taxes at a rate not less than seven per centum per annum, and the defendant contended that since no such resolution was passed and since the tax was not a debt within the ordinary sense of the meaning of that term, that no interest whatever was chargeable. The vice-chancellor said: "I think that the whole scheme of the Tax act, however, contemplates that interest shall be paid by property owners upon delinquent taxes; but it is not necessary here to determine that precise question, because of the provisions of section 25 of the Tax Sale Re-

vision of 1918 (*P. L. 1918 p. 888*), to which I am referred by counsel for the complainant municipality. That section provides that the officer making a tax sale shall strike off and sell to the municipality in fee for redemption at eight per centum, any parcel of real property for which there shall be no other purchaser, and the municipality shall have the same remedies and rights as other purchasers, including the right to bar or foreclose the right of redemption. This section of the Tax Sale Revision, which revision is independent of the General Tax act, fixes, as I think, definitely the amount of interest chargeable against property owners upon redemption from tax sales; not only as to the sum mentioned in the certificate of tax sales, but also as applied to subsequent taxes or municipal liens which are required to be paid upon redemption.

"Section 42 of the Tax Sale Revision, as it existed at the time of the tax sales here involved, provided that in case the certificate of tax sale is held by the municipality, the amount required for redemption shall include all subsequent municipal liens, with interest and costs. Counsel for the defendant contends that this section should be read in connection with the following section 43, providing for redemption in case the certificate of sale is not held by the municipality. Section 43 provides that in such case the amount required for redemption shall include all sums for subsequent municipal liens and interest and costs thereon actually paid by the holder of the tax title, or his predecessor therein, together with interest on the amount so paid at the rate chargeable by the municipality. The contention is, that inasmuch as no rate applicable to delinquent taxes has been fixed by a resolution of the municipality, then no interest whatever is collectible. This position, I think, is untenable, because not only is it the scheme of the General Tax act, but also that of the Tax Sale Revision act, apparently, that interest shall be collected by the municipality, not only prior to the sale for delinquent taxes, but also upon redemption from such tax sale; and as applied to this controversy, I consider that section 25 of the Tax Sale Revision is controlling and that sec-

tions 42 and 43 are entirely separate and distinct. The interest referred to in section 42, in my judgment, refers to the interest mentioned in section 25, which I think is alike applicable to the delinquent taxes for which the sale was made and the subsequent municipal liens which are required to be paid upon redemption." We think the vice-chancellor properly decided this question for the reasons which he set forth and that when a property is purchased by a municipality at a tax sale, the provisions of section 25 of the Tax Sale Revision of 1918 (*P. L. 1918 p. 888*) controls not only the rate of interest which must be paid for the redemption of the taxes then due and delinquent for which the property is sold but also eight per centum upon all taxes which become delinquent subsequent thereto, to the time the property is redeemed.

The next point argued by the appellant is that the decree should not have directed the defendant to pay the amount required to redeem the property by a certain time until this court had finally disposed of the other appeals pending in this court from the order striking out the answers. It appears that in four of these cases the appellant has already paid to the master, designated in the decree, the amount required in the decree for the redemption of the property, which fact the master has reported as appears by the files in the court of chancery. Therefore, the appellant cannot complain that his rights can now be affected as to the payment of this money which has been already turned over to the master. Therefore, we find no merit to this contention.

The last question argued by appellant is that the allowance of counsel fee was excessive. We have examined the record before us and are of the opinion that the vice-chancellor was justified in awarding, for the five cases appealed from, a counsel fee of $5,000 which was apportioned among the various suits in proportion to the amounts involved in each suit.

For the reasons given by the vice-chancellor, as mentioned above, the decree under review is affirmed.

