THE SIMSBURY BANK AND TRUST COMPANY v.
THE RAY CARLSON LUMBER COMPANY ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 11—decided November 10, 1966

*Arnold M. Schwolsky,* with whom, on the brief, was *George Browne,* for the appellant (plaintiff).

*Joseph Neiman,* with whom was *Leon J. Greenberg,* for the appellees (named defendant et al.).

HOUSE, J. This appeal arises out of a mortgage foreclosure action. On April 29, 1965, the plaintiff obtained a judgment of strict foreclosure on a second mortgage. The last law day was set as June 22, 1965. None of the defendants redeemed, and title to the mortgaged premises became absolute in the plaintiff on June 23, 1965. The plaintiff sold the premises on August 27, 1965, and after paying all prior encumbrances, taxes and costs, claimed that it had sustained a net loss of $14,413.68. On September 10, 1965, it filed a motion for deficiency judgment, although prior to this application neither

it nor any other party to the foreclosure had moved for the appointment of appraisers pursuant to § 49-14 of the General Statutes.

Section 49-14 concerning the rendition of deficiency judgments provides that, upon the motion of any party to a foreclosure action, the court shall appoint three appraisers who shall, within ten days after the time limited for redemption has expired, appraise the property and report their appraisal to the clerk of the court, and that the court in which the action is pending may, by supplemental judgment, at any time within ninety days after the time limited for redemption has expired, if the appraisal and report thereof have been made, render judgment for the plaintiff for the difference between the appraisal and the plaintiff's claim.

In *People's Holding Co.* v. *Bray,* 118 Conn. 568, 173 A. 233, we had occasion to consider this statutory provision and held that a strict compliance with its provisions was a condition precedent to the entry of a deficiency judgment. "We incline to the view that the words of the statute are not ambiguous as to the time during which they require the appraisal to be made—the ten days after the expiration of the limitation to redeem—but, be that as it may, this construction is amply confirmed by the object of the provision and the practical considerations which commend it and indicate the legislative intent. The necessity of a definite rule of general application and, as well, an unvarying adherence to it, is manifest. Departures from it, if permitted, 'might lead to grave abuse.' *Congress Bank & Trust Co.* v. *Brockett,* 111 Conn. 490, 493, 150 Atl. 742. We may not countenance and justify violations of the rule although they be productive of no actual prejudice; the statute leaves no room for such

indulgences. *Wilcox* v. *Bliss*, 116 Conn. 329, 333, 164 Atl. 659." Id., 573.

While, of necessity, admitting that "the court has consistently held that the appointment of three appraisers, under what is now § 49-14 of the General Statutes, was compulsory in a deficiency judgment action and must be strictly complied with; and, if there was no appointment of the appraisers according to the statute, there could be no deficiency judgment," the plaintiff nevertheless now contends that "such action should be optional."

Briefly stated, it is the plaintiff's contention that the 1957 action of the General Assembly in repealing, by Public Act No. 443, § 7191 of the 1949 Revision of the General Statutes and in enacting what is now § 49-1 of the 1958 Revision justifies, if it does not require, a reversal of the decision in *People's Holding Co.* v. *Bray,* supra. Prior to 1957, a foreclosing mortgagee could recover the difference between the value of the foreclosed property and the debt either by proceeding for a deficiency judgment under what is now § 49-14 or by a separate suit on the mortgage debt, note or obligation against anyone liable thereon who had been made a party to the foreclosure action. Rev. 1949, § 7191; *Bugg* v. *Guilford-Chester Water Co.,* 141 Conn. 179, 182, 104 A.2d 543; *Cronin* v. *Gager-Crawford Co.,* 128 Conn. 688, 695, 25 A.2d 652; *Cion* v. *Schupack,* 102 Conn. 644, 649, 129 A. 854; *German* v. *Gallo,* 100 Conn. 708, 711, 124 A. 837; *Acampora* v. *Warner,* 91 Conn. 586, 588, 101 A. 332; 32 Conn. B.J. 200. Public Act No. 443 of the 1957 Session (now General Statutes § 49-1) drastically changed the rights of a foreclosing mortgagee proceeding under the second alternative by prohibiting any further action on the mortgage obligation against

a person liable thereon except against those upon whom in personam service could not have been made at the commencement of the foreclosure action. We find nothing, however, in either the language or the legislative history of § 49-1 to support the plaintiff's contention that the repeal of § 7191 and the enactment of § 49-1 render the appraisal provisions of § 49-14 optional rather than mandatory. The requirements of § 49-14 providing for deficiency judgments are explicit and unambiguous. Since there was no compliance with its requirements as to appraisal and report, the plaintiff was not entitled to, and the court properly denied its motion for, a deficiency judgment.

There is no error.

In this opinion the other judges concurred.