CTB Realty Ventures XXII, Inc. *v.*
George J. Markoski et al.
(12257)

Dupont, C. J., Lavery and Heiman, Js.

Argued October 28, 1993—decision released January 4, 1994

*Daniel N. Mara,* for the appellant (plaintiff).

*Patrick W. Boatman,* with whom, on the brief, was *Martha C. Rainey,* for the appellees (defendants).

DUPONT, C. J. The plaintiff appeals from the trial court's granting of the defendants' motion for summary judgment and its denial of the plaintiff's motion for summary judgment. The plaintiff claims that the trial court improperly concluded that General Statutes §§ 49-1 and 49-14 barred the plaintiff from foreclosing the defendants' mortgage. We affirm the judgment of the trial court.

The trial court found that the defendants, George J. Markoski and Bianca V. Markoski, granted a mortgage deed on property they owned in Middletown to the Farmington Investment Company on October 18, 1989. This mortgage was granted as additional security for a promissory note payable to Farmington Investment in the amount of $215,000 plus interest, signed by the defendants and the Nuclear Technology Corporation, and secured by Nuclear Technology's mortgage on its Hebron real property. Farmington Investment represented to both mortgagors that it would seek payment of the note from Nuclear Technology's property before it would pursue the property owned by the defendants. The note and mortgages were subsequently assigned to Centerbank and then assigned to the plaintiff. The plaintiff commenced foreclosure proceedings on the defendants' Middletown property by a complaint dated September 17, 1991, based upon the failure of the

makers to pay the note according to its terms. Nuclear Technology was not named as a party to the foreclosure action.

After the defendants asserted as a special defense Farmington Investment's agreement to seek satisfaction of the indebtedness from Nuclear Technology's property before that of the defendants, the plaintiff ceased its pursuit of a judgment of foreclosure against the defendants and, on October 16, 1991, instituted a second foreclosure action on Nuclear Technology's mortgage of its Hebron property. The defendants here were not named as parties to that suit. The plaintiff obtained a judgment of strict foreclosure against Nuclear Technology's Hebron property on August 10, 1992. The court found the debt on the note to be $289,501.39 and found the fair market value of the Hebron property to be $155,000. By operation of law, title to the property vested in the plaintiff on September 11, 1992. The plaintiff did not seek a deficiency judgment against Nuclear Technology. Instead, the plaintiff resumed its pursuit of a judgment in its foreclosure action against the defendants on October 1, 1992.

The defendants filed a motion for summary judgment on December 1, 1992, based on the plaintiff's failure to seek a deficiency judgment against Nuclear Technology pursuant to General Statutes § 49-14[1] and the plaintiff's failure to join the defendants in the Hebron

---

[1] General Statutes § 49-14 provides in pertinent part: "(a) At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. . . . At such hearing [which this statute requires on the motion] the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment."

property foreclosure. See General Statutes § 49-1.[2] The plaintiff countered by filing a cross motion for summary judgment on December 31, 1992. The trial court found that no genuine issues of material fact existed, and granted the defendants' motion for summary judgment, necessarily denying the plaintiff's cross motion for summary judgment in the process. The plaintiff appeals from both the granting of summary judgment for the defendants and the denial of its own motion for summary judgment.[3]

" 'When reviewing a trial court's ruling on a motion for summary judgment, we must decide whether the trial court erred in determining that there was no "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 111, 491 A.2d 368 (1985); *D.H.R. Construction, Inc.* v. *Donnelly,* 180 Conn. 430, 434, 429 A.2d 908 (1980).' *Aetna Casualty & Surety Co.* v. *Jones,* 220 Conn. 285, 292–93, 596 A.2d 414 (1991)." *West Haven* v. *Hartford Ins. Co.,* 221 Conn. 149, 155, 602 A.2d 988 (1992). Here, the parties agree as to the sequence of events underlying this action; their disagreement is predicated solely on the legal significance of the plaintiff's failure to join

[2] General Statutes § 49-1 provides in pertinent part: "The foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of the foreclosure . . . ."

[3] Although the denial of a motion for summary judgment is not a final judgment and thus is not ordinarily appealable; see Practice Book § 4000; *Gurliacci* v. *Mayer,* 218 Conn. 531, 541 n.7, 590 A.2d 914 (1991); *Greengarden* v. *Kuhn,* 13 Conn. App. 550, 552, 537 A.2d 1043 (1988); the rationale for this rule is not applicable where both sides have filed motions for summary judgment and the court has granted one of them. *Aetna Casualty & Surety Co.* v. *Jones,* 220 Conn. 285, 295 n.12, 596 A.2d 414 (1991). Thus, we may consider both of the summary judgment rulings contested by the plaintiff on appeal.

the defendants as a party to the foreclosure of Nuclear Technology's mortgage and its failure to obtain a deficiency judgment in that action. We thus need to determine only whether, on the basis of the uncontroverted facts, the defendants were entitled to summary judgment as a matter of law.

"Under General Statutes § 49-1, a judgment of strict foreclosure extinguishes all rights of the foreclosing mortgagee on the underlying note, except those enforceable through the use of the deficiency judgment procedure delineated in General Statutes § 49-14. . . . Such a deficiency judgment, in light of § 49-1, is, therefore, the only available means of satisfying a mortgage debt when the security is inadequate to make the foreclosing plaintiff whole. *Simsbury Bank & Trust Co.* v. *Ray Carlson Lumber Co.,* 154 Conn. 216, 219, 224 A.2d 544 (1966) . . . ." *First Bank* v. *Simpson,* 199 Conn. 368, 370–71, 507 A.2d 997 (1986); see also *Eichman* v. *J & J Building Co.,* 216 Conn. 443, 448, 582 A.2d 182 (1990).

By its terms, General Statutes § 49-1 is applicable to "persons . . . who are made parties to the foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of the foreclosure . . . ." Here, since there has been no showing that service of process could not have been made upon the defendants at the commencement of the foreclosure action against Nuclear Technology, the statutory prohibition against further action on the mortgage debt or note by the plaintiff operates to protect the defendants.[4]

---

[4] "Prior to 1957, a foreclosing mortgagee could recover the difference between the value of the foreclosed property and the debt either by proceeding for a deficiency judgment under what is now [General Statutes] § 49-14 or by a separate suit on the mortgage debt, note or obligation against anyone liable thereon who had been made a party to the foreclosure

The plaintiff argues that § 49-1 does not bar its foreclosure action against the defendants because the plaintiff is not seeking a deficiency in this case, but is merely seeking to continue its claims against remaining collateral. This argument is unpersuasive. It is undisputed that both mortgages involved in this case were granted as security for the same promissory note, which both mortgagors signed as comakers. Although the agreement between Farmington Investment and the defendants provided that the indebtedness would be satisfied from Nuclear Technology's mortgaged property before that of the defendants, the latter were still primarily liable on the note, as they possessed no rights of indemnification against Nuclear Technology, and were solely responsible for any amount due on the note that Nuclear Technology could not satisfy.

Nothing in § 49-1 indicates that a mortgagee's pledge to forbear foreclosure on one mortgagor until the collateral of another mortgagor has been appropriated affects in any way the applicability of the statute. The statutory scheme would not be furthered if the plaintiff's argument were to be accepted. By their not being named in the suit against Nuclear Technology, the defendants were prejudiced because they could not participate in the determination of the method of foreclosure and had no control over the ascertainment of the fair market value of the property, and, therefore, the amount still due the plaintiff.[5] The foreclosure on

action. . . . Public Act No. 443 of the 1957 Session (now General Statutes § 49-1) drastically changed the rights of a foreclosing mortgagee proceeding under the second alternative by prohibiting any further action on the mortgage obligation against a person liable thereon except against those upon whom in personam service could not have been made at the commencement of the foreclosure action." (Citations omitted.) *Simsbury Bank & Trust Co.* v. *Ray Carlson Lumber Co.,* 154 Conn. 216, 219–20, 224 A.2d 544 (1966).

[5] The parties both discussed in their briefs an unreported Superior Court decision in which the plaintiff was allowed to bring multiple foreclosure actions against the same defendant without first having obtained a defi-

the defendants' property by the plaintiff was an action upon the same note that underlay the foreclosure on Nuclear Technology's property, and thus fell within the prohibitory scope of § 49-1.

Once the judgment of foreclosure was entered against Nuclear Technology, General Statutes § 49-14 became the only available means of further recovery on the note available to the plaintiff against either Nuclear Technology or the defendants.[6] Section 49-14 requires that the party seeking a deficiency judgment file a motion within thirty days after the time limited for redemption has expired. At a hearing on the motion, the court then establishes a valuation for the mortgaged property as of the date title became vested in the mortgagee and determines whether a deficiency judgment should be awarded. *Di Diego* v. *Zarro,* 19 Conn. App. 291, 294, 562 A.2d 555 (1989); *Maresca* v. *DeMatteo,* 6 Conn. App. 691, 694, 506 A.2d 1096 (1986). The burden is on the plaintiff to provide the court with sufficient evidence to demonstrate that it is entitled to a deficiency judgment. *Eichman* v. *J & J Building Co.,* supra, 450.

Here, title to the Hebron property vested in the plaintiff on September 11, 1992. The plaintiff thus had thirty days from that date to file a motion seeking a deficiency judgment against any other party liable on the note who could have been joined in the foreclosure action. *Fac-*

ciency judgment. There, however, the defendant was named as a party in each of the foreclosure actions. *Bank of Hartford* v. *Sereno,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 385190 (August 3, 1992). That case is therefore distinguishable on its facts, and does not apply here.

[6] It has long been the law of this state that the right of a mortgagee to seek a deficiency judgment "has been conditioned upon the making of the person or persons liable for the payment of the deficiency, parties to the foreclosure suit." *Wilcox* v. *Bliss,* 116 Conn. 329, 332, 164 A. 569 (1933); see *Bugg* v. *Guilford-Chester Water Co.,* 141 Conn. 179, 182, 104 A.2d 543 (1954); *Bergin* v. *Robbins,* 109 Conn. 329, 333, 146 A. 724 (1929).

*tor* v. *Fallbrook,* 25 Conn. App. 159, 163, 593 A.2d 520, cert. denied, 220 Conn. 908, 597 A.2d 332 (1991); *Maresca* v. *DeMatteo,* supra. At the time the plaintiff brought the foreclosure action against Nuclear Technology, "a cause of action for a deficiency judgment existed . . . because the defendants had already defaulted in payment of the note . . . ." *People's Bank* v. *Bilmor Building Corp.,* 28 Conn. App. 809, 816, 614 A.2d 456 (1992). It is undisputed that the plaintiff did not file a motion for a deficiency judgment within thirty days after the time limit for redemption of the real estate had expired. Consequently, it is barred from establishing a deficiency judgment on the promissory note under § 49-14 against either Nuclear Technology or the defendants.

The plaintiff's failure to join the defendants in its foreclosure suit against Nuclear Technology as required by § 49-1 and its failure to seek a deficiency judgment pursuant to § 49-14 precludes it from proceeding any further against the defendants on the promissory note.

The judgment is affirmed.

In this opinion the other judges concurred.