[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DISSOLVE AND DISMISS
Plaintiff brings these actions against four individuals under a guaranty agreement. Said agreement was of a note (the Note) which was secured by four mortgages of real property. Defendants and Picard move to dismiss for lack of subject matter jurisdiction because plaintiff has previously "pursued a foreclosure action based on the same debt to judgment."
Defendants also move to dissolve an ex-parte attachment on certain real property.
Facts
On or about November 4, 1988 One Seventy Russ Corp. (Corporation) was indebted to plaintiff and give plaintiff the Note of that date for $500,000. Corporation at the same time gave a first mortgage on a piece of real property known as 170-174 Russ Street, Hartford, Connecticut and three second mortgages on three pieces known as 18 Columbia Street, 2 Columbia Street and 122 Huntington Street all in Hartford, Connecticut.
On that same day the defendants Frank H. Hagaman (Hagaman), Jeffery A. Minter (Minter), Edward Malone (Malone) and Claude J. Picard (Picard)[1] executed a guaranty agreement (Guaranty) to plaintiff in which, inter alia, they made the following promises:
 1. Unconditionally and absolutely guarantees the due and punctual payment of the principal of the Note, the interest thereon and any other monies due or which may become due thereon, and the due and punctual performance and observance by Borrower of all the other terms, covenants CT Page 3931 and conditions of the Note and Mortgage, whether according to the present terms thereof, at any earlier or accelerated date or dates as provided therein, or pursuant to any extension of time or to any change or changes in the terms, covenants and conditions thereof now or at any time hereafter, but only to the extent that such rate of interest does not exceed the maximum allowed under any applicable law relating to usury.
 2. Waives diligence, presentment, protest, notice of dishonor, demand for payment, extension of time for payment, notice of acceptance of this Guaranty, nonpayment at maturity and indulgence and notices of every kind, and consents to any and all forbearances and extensions of the time of payment of the Note and any and all changes in the terms, covenants and conditions of the Note and Mortgage made or granted and to any and all substitutions, exchanges or releases of all or any part of the collateral therefore; it being the intention hereof that Guarantor shall remain liable hereunder until the full amount of the principal of the Note, with interest, and any other sums due or to become due thereon, shall have been fully paid and the terms, covenants and conditions shall have been fully performed and observed by Borrower, notwithstanding any act, omission or thing which might otherwise operate as a legal or equitable discharge of Guarantor. Guarantor also waives all rights waived in the Note by the makers thereof and all rights under Section 49-1 of the General Statutes of Connecticut.
. . .
 4. Agrees that this Guaranty may be enforced by BOH only after first resorting to the Note or any of the collateral covered by the Mortgage provided, however, that nothing herein contained shall prevent BOH from suing on the Note with or without making the Guarantor a party to the suit or from exercising other rights thereunder and CT Page 3932 if such suit, foreclosure or other remedy is availed of, only the net proceeds therefrom, after deduction of all charges and expenses of every kind and nature whatsoever, shall be applied in reduction of the amount due on the Note and BOH shall not be required to institute or prosecute proceedings to recover any deficiency as a condition of payment hereunder or enforcement hereof. At any sale of the security or collateral for the indebtedness or any part thereof whether by foreclosure or otherwise BOH may at its discretion purchase all or any part of such collateral so sold or offered for sale for its own account and may apply against the amount bid therefore an equal amount out of the balance due it pursuant to the terms of the Note or Mortgage.
 5. Agrees that Guarantor's obligation to make payment in accordance with the terms of this Guaranty shall not be impaired, modified, changed, released or limited in any manner whatsoever by any impairment, modification, change, release or limitation of the liability of Borrower or its estate in bankruptcy resulting from the operation of any present or future provision of the United States Bankruptcy Code or other similar statute, or from the decision of any court.
On October 23, 1990 plaintiff brought an action to foreclose only the Russ Street property, against the Corporation, C.J. Picard Corporation (Picard Corp.), The Russ Group, Inc. (Russ Group), and various subsequent encumbrancers. Later plaintiff added the four individuals because they "claim an interest . . . by virtue of a Guaranty."
On July 23, 1991 Picard, Minter and Hagaman were defaulted.
On June 1, 1992 the Corporation, Malone, Wall, Minter, and Hagaman were defaulted. On August 20, 1992 summary judgment was granted as to liability against Picard Corp. CT Page 3933
On October 26, 1992 this court entered judgment of strict foreclosure and assigned law days of December 7, 1992 and following days. Title vested in plaintiff December 12, 1992.
Plaintiff made a motion for a deficiency judgment which was denied June 11, 1993. Plaintiff has appealed that denial.
The court has not been made aware of what happened to the three properties which were subject to the three second mortgages also given to secure the Note.[2]
Law
I. Foreclosure as a Bar
General Statutes 49-1 reads as follows:
 Sec. 49-1. When foreclosure a bar to further action on debt. The foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure and also against any person or persons upon whom service of process to constitute an action in personam could have been made within this state at the commencement of the foreclosure; but the foreclosure is not a bar to any further action upon the mortgage debt, note or obligation as to any person liable for the payment thereof upon whom service of process to constitute an action in personam could not have been made within this state at the commencement of the foreclosure. The judgment in each such case shall state the names of all persons upon whom service of process has been made as herein provided.
In support of their motions to dismiss the two remaining defendants claim a) that this action is "further action upon the mortgage debt, note or obligation," b) that 49-1 "is a bar to any further action," and c) as a result this court has no subject CT Page 3934 matter jurisdiction.
To have subject matter jurisdiction this court must have the power to provide some relief. New Haven Sand Blast Co. v. Dreisbach, 104 Conn. 322, 329-330. If the foreclosure of this mortgage "is a bar to any further action" this court has no power to grant relief and thus no jurisdiction.
Is this action a "further action" under General Statutes 49-1? This is an action on a broad guaranty of the Note and mortgage.
Our statute in its title and text uses the word "bar." In regard to our statute of limitations as they apply to notes secured by a mortgage the statutes are a bar; that is that the statutes "do not destroy the debt but merely [bar] the remedy." Markham v. Smith,119 Conn. 355, 359. This same rule applies to the predecessor of General Statutes 49-1; i.e. General Statutes 1930 5080. Bridgeport-City Trust Co. v. Hirsch, 119 Conn. 586, 588, 589. It is only a bar and does not destroy the debt. Because it does not destroy the debt it does not destroy the guaranty. Bernd v. Lynes, Adm., 71 Conn. 733, 735.
In our case the guarantors were joined in the "foreclosure-deficiency" action itself. "Having been brought in by the plaintiff . . . the guarantors are entitled to have the value of the security as ascertained by law applied pro tanto to the satisfaction of the debt; and in computing the deficiency to be paid by them, the statutory credit is to be allowed to the same extent as if claimed by the mortgage debtor." North End Bank Trust Co. v. Mandell, 113 Conn. 241, 246. Thus although the guaranty is not destroyed, it is subject to our deficiency judgment statute.
II. Waiver
The issue of jurisdiction requires the court to consider plaintiff's claims of waiver as set out in the guaranty and its complaint.
Waiver was pled by plaintiff. See Jenkin v. CT Page 3935 Indemnity Insurance Co., 152 Conn. 249, 255-256. Statutory bars which are not part of the statute sued upon may be waived. Diamond National Corporation v. Dwelle, 164 Conn. 540, 546-547. Here the guaranty is broad and all encompassing. It waives defendants' rights under General Statute 49-1 but it makes no direct reference to General Statute 45-14 (a) which reads as follows:
 Sec. 49-14. Deficiency judgment. (a) At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment.
The court cannot find as a fact that defendants intentionally relinquished or abandoned their known rights under that statute. That is what is required for waiver Brown v. Employer's Reinsurance Corporation,206 Conn. 668, 675.
Although not a temporal bar the last sentence is a limitation which "is contained in the statute which establishes the remedy." As such it is a bar to the right and is jurisdictional. Id. 547.
Subject matter jurisdiction may not be waived. Castro v. Viera, 207 Conn. 420, 429-430.
Our supreme court has read the two statutes together and said in First Bank v. Simpson, 199 Conn. 368, 370-372.
Under General Statutes 49-1, a judgment CT Page 3936 of strict foreclosure extinguishes all rights of the foreclosing mortgagee on the underlying note, except those enforceable through the use of the deficiency judgment procedure delineated in General Statutes 49-14. General Statutes 49-14 provides, in relevant part, that "[a]t any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment." Public Acts 1979, No. 79-110. Under the statute, a hearing must be held on the motion where the court "shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim." Practice Book 528. Such a deficiency judgment, in light of 49-1, is, therefore, the only available means of satisfying a mortgage debt when the security is inadequate to make the foreclosing plaintiff whole. Simsbury Bank Trust Co. v, Ray Carlson Lumber Co., 154 Conn. 216, 219, 224 A.2d 544 (1966); see generally note, "Connecticut Mortgage Foreclosure: Deficiency Judgment and Problems of Subsequent Encumbrancers," 2 Conn. L. Rev. 413 (1969); note, "An Act Concerning the Foreclosure of Mortgages," 32 Conn. B.J. 200 (1958).
In paragraph 4 of the guaranty the defendants agree that plaintiff "shall not be required to institute or prosecute proceedings — to recover any deficiency as a condition of payment hereunder or enforcement hereof." Here, the plaintiff did institute and prosecute proceeding to recover a deficiency. It may be that under one part of the waiver it did not need to seek the deficiency, but having done so it is subject to General Statutes 49-14 (a) which concludes by stating, "The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such [deficiency] judgment." The waiver does not include either that statute or that concept. CT Page 3937
III. Appeal of Deficiency Judgment
Plaintiff argues that because it has appealed the court's failure to grant a deficiency judgment that judgment is stayed and thus we still do not know the "amount of such judgment" which it may possibly collect under General Statutes 49-14 (a).
There are obviously at least two possible outcomes for plaintiff's appeal — lose or win. If plaintiff loses, then that case and this case are over. First Bank v. Simpson, supra, 370-372. If plaintiff wins its appeal that case will go back to the trial court to determine what deficiency, if any, will be found. If a deficiency is found, then plaintiff may bring action for it under the guaranty. This court has no factual basis to determine whether or not the plaintiff will succeed on appeal and then obtain a positive deficiency judgment, but it may.
The appeal keeps the application for deficiency judgment active and thus our present action continues as a "further action" under General Statutes 49-14 (a).
Motion to dismiss is denied without prejudice to its possible renewal after the appeal in the foreclosure action is exhausted.
N. O'Neill, J.