[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFICIENCY JUDGMENT
Plaintiffs move for a deficiency judgment under P.B. § 528 which reads in pertinent part as follows:
 Whenever a deficiency judgment is claimed in a foreclosure action, the party claiming such judgment shall file with the clerk of the court within the time limited by statute a written motion setting forth the facts relied on as the basis for the judgment, which motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment.
 History and Facts
On May 17, 1993 plaintiff obtained a judgment of strict foreclosure of its second mortgage. The final "law day" was October 4, 1993 and title to the real property vested in plaintiff on October 6, 1993. CT Page 11780
At the May 17, 1993 hearing the debt was found to be $531,857.80. Attorney's fees of $1500 and a title search fee of $150 were allowed.
The court then found that fair market value of the two properties in Glastonbury, Connecticut known as 199 Oak Street and 504 Hebron Avenue to be $104,000 and $425,000 respectively.
At the hearing on the instant motion this court found the fair market value of 199 Oak Street to be $109,000 as of October 6, 1993. The fair market value of 504 Hebron Avenue is $455,000. The total of those values is $564,000.
The principal due on the first or senior mortgage as of October 6, 1993 was $750,000.
As of June 17, 1994 plaintiff is owed a total of $573,031.04 in principal and interest.
The amount still due on the first mortgage as of June 17, 1994 is $502,658.77.
When we deduct the amount due on the first mortgage from the fair market value of the two properties the remainder is $61,341.23. Our next step is to deduct that sum from the debt due plaintiff of $573,031.04. We thus arrive at the deficiency of $511,689.81. Judgment shall enter for plaintiff in that amount.
The court finds no improper delay by plaintiff.
In regard to the interest due plaintiff since the judgment of strict foreclosure became final on October 6, 1993, C.G.S. § 49-1 provides that "foreclosure of a mortgage is a bar to any further actions upon the mortgage debt, note or obligation against the person or persons who are made parties to the foreclosure." However, that section did not change the intent or provisions of C.G.S. § 49-14, Simsbury Bank Trust Co. v. Ray Carlson LumberCo., 154 Conn. 216. That statute reads in pertinent part as follows:
 Sec. 49-14. Deficiency judgment. At (a) At any time within thirty days CT Page 11781 after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the court may establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment.
Unfortunately the statute does not give us a date on which "the plaintiff's claim" is established.
In Adams v. Way, 33 Conn. 419 the "plaintiff claimed that he was entitled to recover as damages the sum of $1738.34, being the amount due on the day of the sale of the mortgaged premises [in Wisconsin], after deducting the net proceeds of the sale, together with interest at the rate of twelve per cent, to the time of rendering judgment in the present suit." The trial court, to the time of rendering judgment in the present suit. "The trial court granted the plaintiff interest at twelve per cent in accordance with the loan agreement from the date of the loan until the decree of foreclosure was passed and from the date of the decree to the day of the sale at the rate of seven per cent." Seven per cent was the rate of interest allowed by the Wisconsin law on judgments in certain cases. The Supreme Court sustained the trial court.
In the case of the judgment in an action brought on a note our Supreme Court has held that C.G.S. "§ 37-1
defining the legal rate of interest to be paid on judgments . . . allow[s] parties to agree on the rate of interest on judgments." Little v. United National InvestorsCorporation, 160 Conn. 534, 541. That case was not a case CT Page 11782 of a foreclosure judgment followed by a deficiency judgment, as is ours. In the instant action we would have to deduct from the amount of the foreclosure judgment the value of the property on October 6, 1993.
This court holds that plaintiff is entitled to interest at the agreed or contract rate from the date of the loan through October 6, 1993, the date title vested in plaintiff. From that date forward plaintiff is entitled to statutory interest under C. G. S. § 37-1 on the amount due it, including principal, interest to October 6, 1993 at the agreed rate, attorney's fees and costs.
The parties shall submit proposed orders for a deficiency judgment in accordance with this memorandum with the calculations thereof.
N. O'Neill, J.