## DELORES GRIMES ET AL. *v.* HOUSING AUTHORITY OF THE CITY OF NEW HAVEN
## (14894)

Dupont, C. J., and Foti and Schaller, Js.

Argued April 22—officially released July 23, 1996

*David N. Rosen,* for the appellants (plaintiffs).

*Edward T. Krumeich,* with whom, on the brief, was *Miles F. McDonald, Jr.,* for the appellee (defendant).

SCHALLER, J. The plaintiffs appeal from the judgment of the trial court granting the defendant's motion for summary judgment. The defendant moved for summary judgment on the ground that the plaintiffs' claims were barred by General Statutes § 52-584, the applicable statute of limitations. The plaintiffs argued in response

that a related class action tolled the statute of limitations pursuant to the rule of *American Pipe & Construction Co.* v. *Utah*, 414 U.S. 538, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1973). The dispositive issue of this appeal is whether the trial court improperly determined that, even if we were to adopt the *American Pipe* tolling rule, it would not apply to this case. We affirm the judgment of the trial court.[1]

The following facts and procedural history are undisputed. On December 10, 1981, six tenants of the Elm Haven Extension apartments (Elm Haven) filed a class action lawsuit on behalf of all Elm Haven tenants against the defendant, which owned and operated the apartments. Elm Haven consists of six separate eight-story buildings at 120 and 180 Canal Street, and 185, 225, 250 and 265 Ashmun Street in the city of New Haven. The tenants sought injunctive relief and damages in two counts. In the first count, the tenants alleged that the defendant failed to provide heat and hot water in violation of General Statutes § 47a-7. In the second count, the tenants alleged that the defendant's actions constituted a violation of the Connecticut Unfair Trade Practices Act (CUTPA).[2] On December 22, 1981, the trial court issued an injunction ordering the defendant to make immediate repairs to restore heat and hot water to the tenants' apartments.[3]

In the present personal injury action, the plaintiffs alleged the following in a revised complaint. On September 4, 1982, the plaintiff Dolores Grimes was seven

[1] Because we agree with the trial court that the *American Pipe* rule does not apply to this case, we need not reach the issue of whether the rule should be adopted.

[2] General Statutes §§ 42-110a through 42-110q.

[3] Many of these facts are reproduced in *Connelly* v. *Housing Authority*, 213 Conn. 354, 567 A.2d 1212 (1990) (holding that trial court properly dismissed count two of class action complaint because municipal housing authority is exempted from liability under CUTPA when it leases subsidized units to low income tenants).

years old. The plaintiffs were tenants of an apartment at 250 Ashmun Street. Because the defendant failed to provide hot water on September 4, and for an extended period of time prior thereto, the plaintiff Ethel Grimes heated water on the stove in an attempt to bathe her children. Dolores tried to remove the pot of heated water from the stove to carry it into the bathroom. The hot water spilled on Delores causing second and third degree burns over approximately 22 percent of her body. Dolores required multiple skin grafts and received permanent scarring as a result of her injuries. Ethel Grimes suffered anxiety and distress as a result of seeing her daughter seconds after her daughter had been injured. The injuries to the plaintiffs were caused by the negligence of the defendant in that it failed to provide hot water in violation of § 47a-7 and paragraph 300 of the New Haven housing code, it knew for a long time preceding the injuries that the facilities for providing hot water were inoperative and defective, it failed to take measures to restore the facilities to working order and it knew or should have known that its conduct created an unreasonable risk of personal injury.

In January, 1987, the tenants in the class action suit and the defendant stipulated that the class action would be limited to those tenants who resided at Elm Haven between November 1, 1981, and March 31, 1982, and who lacked adequate heat and hot water in their apartments. On March 11, 1988, the plaintiff filed the present personal injury action. The defendant pleaded as a special defense that the claims were barred by General Statutes § 52-584. On February 21, 1992, the defendant filed a motion for summary judgment on the same ground. On May 22, 1995, the trial court granted the motion for summary judgment.

Section 52-584 provides: "No action to recover damages for injury to the person . . . caused by negligence

. . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ." Because the plaintiff's negligence action was not brought until more than five and one-half years after the alleged injuries were sustained, § 52-584 bars the action unless the statute of limitations was sufficiently tolled during this period.

The plaintiff argues that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *American Pipe & Construction Co.* v. *Utah,* supra, 414 U.S. 554. The plaintiff contends that she and her daughter were members of the asserted class "until the stipulation closing the class period" and that after the stipulation, she filed this action in a timely manner.

In *American Pipe,* the United States Supreme Court addressed the relationship between a statute of limitations and Rule 23 of the Federal Rules of Civil Procedure regulating class actions in federal courts. Id., 540. The court held that where the "named plaintiffs asserted claims that were 'typical of the claims or defenses of the class' and would 'fairly and adequately protect the interests of the class,' Rule 23 (a) (3), (4), the claimed members of the class stood as parties to the suit until and unless they received notice thereof and chose not to continue." Id., 550–51. Where class action status is later denied because joinder of all members is impracticable, the court continued, "the commencement of the original class action tolls the running of the statute for all purported members of the class." Id., 553.

The plaintiffs argue that the *American Pipe* rule applies to the present action because the class action

sought to address the same violations of law by the defendant, namely, the defendant's failure to provide hot water to its tenants in violation of § 47a-7. The plaintiffs further assert that individual injuries like those alleged in the present action were cognizable in the class action. The plaintiffs' argument, however, misconstrues the pleadings and skirts the limitations of the *American Pipe* rule.

The United States Supreme Court emphasized that this class action tolling rule does not interfere with the function of a statute of limitations to " 'promote justice by preventing surprise through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.' " Id., 554. Fairness to defendants is ensured because the statute of limitations is tolled only when "a named plaintiff who is found to be representative of a class commences a suit and thereby *notifies the defendants not only of the substantive claims being brought against them,* but also of the number and generic identities of the potential plaintiffs who may participate in the judgment." (Emphasis added.) Id., 554–55; *Crown, Cork & Seal Co.* v. *Parker,* 462 U.S. 345, 353, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983); *United Airlines* v. *McDonald,* 432 U.S. 385, 395, 97 S. Ct. 2464, 53 L. Ed. 2d 423 (1977).

"When reviewing a trial court's ruling on a motion for summary judgment, we must decide whether the trial court erred in determining that there was no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384 . . . . *West Haven* v. *Hartford Ins. Co.,* 221 Conn. 149, 155, 602 A.2d 988 (1992)." (Citations omitted; internal quotation marks omitted.) *CTB Realty Ventures XXII, Inc.* v. *Markoski,* 33 Conn. App. 388, 391, 636 A.2d 379, cert. granted, 228 Conn. 929, 640 A.2d 115 (1994) (appeal withdrawn July 18, 1994). " 'The interpretation

of pleadings is always a question of law for the court
. . . .' " (Citations omitted.) *Geren* v. *Board of Education*, 36 Conn. App. 282, 290, 650 A.2d 616 (1994), cert. denied, 232 Conn. 907, 653 A.2d 194 (1995), quoting *Cahill* v. *Board of Education*, 198 Conn. 229, 236, 502 A.2d 410 (1985).[4]

Our review of the pleadings reveals that the class action alleged a violation of § 47a-7 and a violation of CUTPA. See *Connelly* v. *Housing Authority*, 213 Conn. 354, 355–56, 567 A.2d 1212 (1990). The present action alleged two counts of negligence by the defendant causing personal injury to the plaintiffs. The United States Supreme Court reiterated in *Johnson* v. *Railway Express Agency*, 421 U.S. 454, 467, 95 S. Ct. 1716, 44 L. Ed. 2d 295 (1974), that the "tolling effect given to the timely prior filings in *American Pipe* . . . depended heavily on the fact that those filings involved exactly the same cause of action subsequently

---

[4] The plaintiff's specific arguments on appeal were as follows. "Did the trial court err when it held that the claims made in this action were not included within the claims made in an earlier action where: (1) both actions sought damages for the harm to health and safety caused by the defendant's longstanding failure to provide hot water to New Haven's Elm Haven Extension public housing project in violation of the New Haven Housing Code and Section 47a-7 of the Connecticut General Statutes; (2) plaintiff's personal injuries allegedly caused by the lack of hot water were precisely the type of harm at which the class action suit was directed; (3) plaintiffs' claims would be included within the class action except that they occurred after the cutoff date for inclusion; (4) the cutoff date was not selected, and the plaintiffs thereby excluded from the class, until less than two years before this action was filed; and (5) contrary to the trial court's opinion, whether repairs to the hot water system were completed by the cutoff dates for injuries included within the class action was a factually disputed issue, making summary judgment inappropriate?"

Our resolutions of arguments (1) and (2) are dispositive of the plaintiff's appeal. Arguments (3) and (4) need not be resolved; because the plaintiff's claims were not represented in the class action, the stipulation concerning the time period covered by the class action is not relevant. Finally, with regard to argument (5), any factual issue that may exist concerning when repairs to the hot water system were completed is immaterial and, therefore, does not render summary judgment inappropriate.

asserted." See also *Crown, Cork & Seal Co.* v. *Parker,* supra, 462 U.S. 355 (Powell, J. concurring) ("[i]t is important to make . . . certain that *American Pipe* is not abused by the assertion of claims that differ from those raised in the original class suit").

We conclude that the claims raised in the class action that the defendant violated § 47a-7 and CUTPA did not provide notice to the defendant that negligence claims were being made by the plaintiff and her daughter for personal injuries, even though the latter claims arose out of the defendant's violations of § 47a-7. While a claim of negligence may be predicated on a defendant's violation of § 47a-7; see, e.g., *Gore* v. *People's Savings Bank,* 235 Conn. 360, 665 A.2d 1341 (1995); the plaintiffs' claims were not actually alleged in the class action. The trial court properly granted summary judgment in favor of the defendant because the plaintiffs' claims were barred by § 52-584.

The judgment is affirmed.

In this opinion the other judges concurred.