[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 21, 1997
This is a personal injury action brought in one count against the defendant landlord for alleged breach of duties under General Statutes § 47a-7 and under the Town of Groton Rental Housing Code. The defendant moves to strike the complaint for failure to state a claim upon which relief can be granted.
The plaintiff alleges that he entered into a lease agreement with the defendant for premises located at 2 Flint Court, Groton, Connecticut. On November 24, 1994, the plaintiff allegedly injured his left leg when it went through a hole in the kitchen floor of the leased premises. The plaintiff alleges that he has suffered severe and permanent injury to his leg, has incurred expenses for medical treatment, and has experienced loss of earning capacity. He claims that the defendant violated General Statutes § 47a-7 by failing to keep the kitchen floor "free of holes, breaks, loose and rotting boards or timbers."
The defendant moves to strike the complaint on the ground that it fails to state a claim upon which relief can be granted. He asserts that, to properly allege a cause of action under General Statutes § 47a-7, the plaintiff must comply with the requirements of General Statutes § 47a-14h. Specifically, he contends that the plaintiff must allege that he made a complaint concerning the premises to the municipal agency responsible for enforcement of the housing code. The defendant argues also that § 47a-14h prohibits the plaintiff from bringing an action under § 47a-7 if the plaintiff was served with a valid notice to quit. The defendant attached to his motion a notice to quit which he asserts was served on the plaintiff. Finally, the CT Page 7715 defendant argues that, if the complaint sets forth a common law cause of action for breach of the landlord's duty to keep the premises in a fit and habitable condition, then the complaint is deficient because it fails to allege that the landlord had notice of the unsafe condition.
The plaintiff filed an objection to the motion to strike in which he asserts that the defendant's motion should be denied as a speaking motion. He contends that the court may not consider the notice to quit or the plaintiff's failure to allege that a complaint was made to the appropriate municipal agency since these are facts outside of the pleadings. In addition, he claims that he does not have to comply with the requirements of §47a-14h.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). The sole inquiry is whether the plaintiffs' allegations, if proved, state a cause of action. Mingachos v. CBS, Inc.,196 Conn. 91, 108-09, 491 A.2d 368 (1985). "A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871
(1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835
(1996); see also Cavallo v. Derby Savings Bank, 188 Conn. 281,285-86, 449 A.2d 986 (1982).
The defendant's motion raises the issue of whether the plaintiff was required to comply with the pleading provisions of § 47a-14h. General Statutes § 47a-14h permits a tenant who claims that his landlord has failed to perform his legal duties as required by § 47a-7 to institute an action in Superior Court. Section 47a-14h is known as the "payment of rent into court" statute because it requires the plaintiff to deposit with the clerk of the court an amount equal to the agreed-upon rent after the date a complaint under that section is filed. Essentially, § 47a-14h provides a method by which a tenant may compel his landlord to perform his legal duties under §47a-7. Visco v. Cody, 16 Conn. App. 444, 449, 547 A.2d 935
(1988). A complaint filed pursuant to § 47a-14h must allege "(1) the name of the tenant; (2) the name of the landlord; (3) CT Page 7716 the address of the premises; (4) the nature of the alleged violation of section 47a-7; and (5) the dates when rent is due under the rental agreement and the amount due on such dates." General Statutes § 47a-14h(b). The complaint must also allege that, at least twenty-one days prior to the date on which the complaint is filed, the tenant made a complaint concerning the premises to the municipal agency responsible for enforcement of the code or ordinance alleged to have been violated. General Statutes § 47a-14h.
The defendant correctly points out that the notification requirement in § 47a-14h is mandatory for an action brought pursuant to that section.[1] In this action, however, the plaintiff seeks damages for personal injury resulting from an alleged violation of § 47a-7; he does not seek enforcement of the landlord's duties under that statute. Accordingly, §47a-14h is inapplicable to the cause of action herein alleged.[2]
The plaintiff alleges that the defendant violated §§47a-7(a)(1) and (2), which state that a landlord must comply with all applicable building and housing codes materially affecting health and safety and make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition. "[A] claim of negligence may be predicated on a defendant's violation of § 47a-7." Grimes v. HousingAuthority, 42 Conn. App. 324, 330, 679 A.2d 324 (1996), cert. granted, 239 Conn. 918, 682 A.2d 1000 (1996), citing Gore v.People's Savings Bank, 235 Conn. 360, 665 A.2d 1341 (1995);Carlson v. Weingarten, Superior Court, judicial district of New London at New London, Docket No. 511863 (October 22, 1993) (Hurley, J.). Thus, it is necessary to consider whether the plaintiff has sufficiently pled a cause of action for negligence based upon a violation of § 47a-7.
The decision in Gore v. People's Savings Bank, supra235 Conn. 360 is instructive. The issue in Gore was whether a landlord of a residential dwelling may be held strictly liable pursuant to General Statutes § 47a-7, § 47a-8 and §47a-54f for personal injuries sustained by a minor plaintiff due to exposure to lead-based paint. In deciding this issue, the court examined traditional principles of landlord premises liability. The court stated that, under the common law, "[t]here could be no breach of the duty resting upon the [landlords] unless they knew of the defective condition or were chargeable CT Page 7717 with notice of it because they had exercised reasonable inspection of their premises, they would have discovered it . . . . Thus, liability of a landlord for damages resulting from a defective condition in an area over which the landlord exercises control generally depends upon proof that the landlord received either actual or constructive notice of the condition prior to the time of the plaintiff's injuries." (Citations omitted; internal quotation marks omitted.). Id., 373. The court determined that the legislature did not modify the common law elements of premises liability in enacting § 47a-7, §47a-8 and § 47a-54f, and held that the element of notice was part of a plaintiff's cause of action. Id., 372.
The Gore court observed that the Restatement supported the court's position. It states: "`A landlord is subject to liability for physical harm caused to the tenant and others upon the leased property with the consent of the tenant or his subtenant by a dangerous condition existing before or arising after the tenant has taken possession, if he has failed to exercise reasonable care to repair the condition and the existence of the condition is in violation of: (1) an implied warranty of habitability or (2) a duty created by statute or administrative regulation.'"Id., 383, quoting 2 Restatement (Second) Property, Landlord and Tenant § 17.6 (1977).
Although Gore dealt with issues of strict liability in lead-based paint cases, the decision is instructive in determining whether a plaintiff must plead notice in a cause of action for negligence based upon a statutory duty. According toGore, a plaintiff is required to prove that a landlord had either constructive or actual notice of the defective condition. See also Kelly v. Marino, Superior Court, judicial district of Ansonia-Milford, Docket No. 025039 (March 5, 1991) (Fuller, J.) (denying summary judgment on ground that question of fact exited regarding whether defendant had notice of defect giving rise to claim under § 47a-7 (a)(4)). Thus, this court finds that the plaintiff herein was required to plead notice to properly allege a cause of action for negligence on the basis of a violation of § 47a-7.
The plaintiff's complaint contains no allegation that the defendant had either actual or constructive notice of the defective condition which caused the plaintiff's alleged injuries. Accordingly, the motion to strike is granted. CT Page 7718
HURLEY, J.