[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISIONON DETERMINATION OF DEBT]
I.
[Introduction and Factual Background]
On April 4, 1990, the defendant Irene Hope executed a promissory note in the amount of $30,000.00 in favor of the plaintiff, American Mortgage Corporation (AMC). This note was secured by second mortgages on 809 High Road, Berlin, Connecticut and 70-72 Vega Street, New Britain, Connecticut. Hope ceased payments under the note in February 1991, and in August AMC commenced foreclosure of both mortgages.
Judgment of strict foreclosure entered in the Berlin action and title to the Berlin property vested in AMC on November 2, 1991. Judgment also entered in the New Britain action but was stayed after Ms. Hope filed bankruptcy.[1] The parties have now requested this court make a determination of the total debt prior to further proceedings on the New Britain property.
The Berlin property was appraised at the entry of judgment at $105,000.00. On December 17, 1991, AMC paid off the first mortgage to First Federal Savings and Loan of Rochester in the amount of $74,368.62 and on February 13, 1992, AMC sold the Berlin property for $109,900.00. AMC claims that it has incurred a shortfall of $10,031.54 upon that sale.[2] AMC also claims it has incurred a total of $6,471.53 in costs and expenses in the New Britain action. AMC now seeks to continue the action against the New Britain property to recover an alleged debt of $16,503.07 plus accrued interest.
 II.
[Discussion]
The defendant argues that pursuant to General Statutes § 49-1, AMC was required to seek a deficiency judgment pursuant to § 49-14 to recover any shortfall from the strict CT Page 4438 foreclosure of the Berlin property.[3] General Statutes § 49-14
provides a thirty day window of opportunity for a mortgagee whose debt is not wholly satisfied in a foreclosure action to seek a deficiency judgment. [First Bank v. Simpson], 199 Conn. 368, 371
(1986). This deficiency judgment statute, § 49-14, provides in relevant part:
 (a) At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. . . . At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation shall recover only the amount of such judgment.
The defendant argues that since AMC failed to make a timely motion to obtain a deficiency judgment in the Berlin action, any further action on the note is barred.
The plaintiff claims that it is not barred from proceeding further in the foreclosure of the New Britain property. It argues that it could not have sought a deficiency judgment at the conclusion of the Berlin action because it still held a mortgage on the New Britain property. Therefore, it had not, after the Berlin foreclosure, incurred any deficiency, and would not have been entitled to a deficiency judgment unless and until all of its security was exhausted and the debt remained unsatisfied.
The defendant relies on [First Bank v. Simpson], supra, in support of her argument. In [First Bank], the Supreme Court stated that "[u]nder General Statutes § 49-1, a judgment of strict foreclosure extinguishes all rights of the foreclosing mortgagee on the underlying note, except those enforceable through the use of the deficiency judgment procedure delineated in General Statutes § 49-14." Id., 370.
[First Bank], however, is not controlling in the present CT Page 4439 case. In [First Bank], the first mortgagee obtained a judgment of strict foreclosure. The plaintiff was the holder of a second mortgage on the same property and had not commenced the foreclosure action. The Court held that General Statutes § 49-1
has no effect upon the debts of nonforeclosing subsequent encumbrancers like the plaintiff. Therefore, the plaintiff was not required to seek a deficiency judgment after the foreclosure action in order to preserve his right to recover on the debt. Additionally, [First Bank] involved two mortgagees each holding a mortgage on one piece of property. In the present case, we are dealing with one mortgagee holding two mortgages on two separate pieces of property. Much of that decision is clearly limited to the facts presented therein.
The plaintiff relies almost exclusively on [Bank ofHartford v. Sereno], 7 CSCR 1049 (August 3, 1992, Schaller, J.), which is factually on point with the present case. The court reasoned that there are significant policy considerations that weigh heavily in favor of allowing a mortgagee who holds multi-mortgages which secure a single debt to proceed in stages and thereby foreclose only on those mortgages necessary to satisfy the debt.[4] The court concluded that the plaintiff was not required, after foreclosing on one mortgage, to seek a deficiency judgment pursuant to General Statutes 49-14 prior to foreclosing on a second mortgage.[5]
This court agrees with the sound reasoning of [Sereno]. AMC is not barred from further proceedings simply because it did not seek a deficiency judgment at the conclusion of the Berlin action. At that point, there was no deficiency.
The defendant additionally maintains that even if the plaintiff was not required to, or could not seek a deficiency judgment pursuant to General Statutes § 49-14, its rights in the note were extinguished when it took title to the Berlin property. The defendant relies on the plain language of General Statutes § 49-1
to support this argument.
A literal reading of § 49-1 tends to support the defendant's position. That section begins: "[t]he foreclosure of a mortgage is a bar to any further action upon the mortgage debt." In the context of the present case, according to the plain language of this section, the mortgagee, by virtue of its foreclosure on the Berlin mortgage, would be precluded from enforcing its rights under the New Britain mortgage Certainly CT Page 4440 such a result was not intended by the legislature.[6]
It is an accepted rule of statutory construction that "those who promulgate statutes or rules do not intend to promulgate statutes or rules that lead to absurd consequences or bizarre results." [State v. Siano], 216 Conn. 273, 278 (1990). If this court were to adopt the defendants, position with respect to the applicability of § 49-1 in the context of this case, it would countenance an absurd result. Accordingly, the plaintiff's rights in the New Britain property were not extinguished by virtue of General Statutes § 49-1 when it foreclosed on the Berlin mortgage.
 III.
Having decided that the plaintiff may enforce its rights by continuing its foreclosure action against the New Britain property, all that remains for this court is the determination of the amount of the plaintiff's shortfall following the Berlin strict foreclosure. Both parties have submitted itemized lists detailing their computations of the remaining debt. This court determines that the total remaining indebtedness is $9,228.68, computed as follows:
Shortfall upon sale of the Berlin property:
Debt ------ Judgment debt as of 9/30/94 $33,004.00 Accrued interest from date of judgment 433.38 (9/30/91) through date of vesting of title (11/2/91)
Payoff of first mortgage 74,368.62 Interest on first mortgage 2,009.12 Fees and costs 2,242.50 ---------- Total 112,057.62
Credit -------- Sales Proceeds[7] 109,300.47
SHORTFALL $2,757.15
CT Page 4441
New Britain Action Costs and Expenses:
 Attorney's Fees 1,500.00 Appraiser's Fees 350.00 Title Search 150.00 Court Costs 511.30 Committee Fees[8] 3,960.23 --------- Total $6,471.53
TOTAL INDEBTEDNESS $9,228.68
Accordingly, this court finds the defendant's debt to the plaintiff to be $9,228.68. No additional attorney's fees are allowed to the plaintiff.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 4457