[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
CT Page 3070
This is an action on a promissory note seeking to recover certain installments of principal due in the years 1990 through 1994 together with interest. The promissory note dated December 21, 1989, was in the original amount of $133,350.00 and secured by a mortgage on real property owned by the defendant known as 137 Ogden Lord Road. The terms of the note required the defendant to pay to the plaintiff monthly installments of interest and one payment of principal on December 21 of each year, from 1990 until 1994.
When the defendant failed to pay the installments of principal due on December 21, 1991 and 1992, the plaintiff, in a prior action, foreclosed on the mortgaged property and obtained a judgment of strict foreclosure on October 25, 1993 with a law day of April 18, 1994. Plaintiff claims that the defendant has failed to make any payments due in 1993 as well as those due and payable at the time of commencing this action and has elected to treat the entire unpaid balance, of not less than $42,000.00, as immediately due and payable.
On November 30, 1994, the defendant filed this motion to dismiss the complaint on the ground that the plaintiff's action is barred under General Statutes §§ 49-1 and 49-14.
The defendant claims that since the plaintiff failed, in the foreclosure action, to request a deficiency judgment within thirty days after the time of redemption as required by General Statutes § 49-14, she is therefore, barred from pursuing any further action on the mortgage debt under General Statutes § 49-1.
Plaintiff argues that the motion to dismiss is not the proper motion with which to respond to the complaint where the defendant makes no claim of lack of jurisdiction. Substantively, the plaintiff claims that because the note contained no acceleration provision, she was limited to proceed on that portion of the debt which was outstanding as of the commencement of the foreclosure action, specifically the principal payments which were due on December 21, 1991 and 1992. Therefore, the plaintiff argues that she could not have proceeded for a deficiency judgment under General Statutes § 49-14 in the original action because there was no deficiency based on the debt then owed. CT Page 3071
 I.
Although it would have been preferable for the defendant to have raised the issue of the statutory bar as a special defense, we elect to nevertheless address the issues raised on their merits.
 II.
The defendant here would have this court rely on the language of General Statutes § 49-1 which provides in part: "[t]he foreclosure of a mortgage is a bar to any further action upon the mortgage debt." Accordingly, defendant argues that the plaintiff, by virtue of its original foreclosure action, would be precluded from collecting the remainder of the sums due her under the note.
In CTB Realty Ventures XXII, Inc. v. Markoski, 33 Conn. App. 388,392 (1994), the Appellate Court stated:
 "`Under General Statutes [§] 49-1, a judgment of strict foreclosure extinguishes all rights of the foreclosing mortgagee on the underlying note, except those enforceable through the use of the deficiency judgment procedure delineated in General Statutes [§] 49-14. . . . Such a deficiency judgment, in light of [General Statutes §] 49-1, is, therefore, the only available means of satisfying a mortgage debt when the security is inadequate to make the foreclosing plaintiff whole. . . .'"
Moreover, Section 49-14 requires that the party seeking a deficiency judgment file a motion within thirty days after the time limited for redemption has expired. Id., 394.
Although there are no reported cases dealing with the question of an independent action on a note having no acceleration clause after foreclosure we believe that the reasoning in Bank of Hartford, Inc. v. Sereno, 7 CSCR 1049
(August 3, 1992, Schaller, J.), is useful in resolving the issue presented.
In Sereno, the defendant executed to the plaintiff CT Page 3072 multiple mortgages on three properties to secure a loan to the defendant. The defendant ceased payments and the plaintiff commenced three foreclosure actions to foreclose the three mortgages. A judgment of strict foreclosure entered against one of the properties and title vested in the plaintiff. When the sale of that property did not satisfy the debt, the plaintiff brought a subsequent action to foreclose on the second property, but more than thirty days after title in the first property vested in the plaintiff.
The court reasoned that in a multi-mortgage situation, the mortgagee may proceed in stages and thereby foreclose only on those mortgages needed to satisfy the debt. The court concluded that upon foreclosure of the first property, the plaintiff could not have proceeded to obtain a deficiency judgment since a balance of the debt remained outstanding and was secured by a duly recorded mortgage on the second property; at that point, there simply was no deficiency.
Following this reasoning since one cannot proceed for a deficiency judgment where there is no deficiency, General Statutes § 49-1 should not bar the plaintiff from pursuing the remainder of the sums due on the note when those sums were not due and payable at the time of the original foreclosure action.
It is an accepted rule of statutory construction that "those who promulgate statutes or rules do not intend to promulgate statutes or rules that lead to absurd consequences or bizarre results." American Mortgage Corp. v. Hope,9 CSCR 627, 628 (April 21, 1994, Berger, J.). In the present case, we cannot interpret the statute as preventing the plaintiff from proceeding to obtain full payment of its debt when it did not have the opportunity to do so previously because installments of principal had not yet matured. Such a result would be inequitable and border on the "bizarre."
We interpret the statute as not barring further action on sums not yet due under the note at the time of foreclosure. Defendant's motion to dismiss the complaint is denied.
Wagner, J. CT Page 3073